(No. 11353.—Judgment affirmed.)

LOUIS A. RUDA, Plaintiff in Error, vs. THE INDUSTRIAL BOARD OF ILLINOIS et al.—(LOUIS PESEK, Defendant in Error.)

*Opinion filed April 17, 1918—Rehearing denied June 6, 1918.*

1. WORKMEN'S COMPENSATION—*construction of paragraph (e) of section 8 of Compensation act for computing annual earnings.* Where it is not the custom for the employer to operate the full number of working days in the year, in computing the annual earnings of an employee under paragraph (e) of section 8 of the Workmen's Compensation act the minimum number of days used as the basis of the year's work cannot be less than two hundred.

2. SAME—*testimony of an arbitrator as to information acquired ex parte should not be heard by the Industrial Board.* The Industrial Board in a proceeding under the Workmen's Compensation act should not receive the testimony of one of the arbitrators who acquired his information by an *ex parte* investigation for himself.

3. SAME—*method of ascertaining average daily earnings under provisions of section 8 of Compensation act.* Under the provisions of section 8 of the Workmen's Compensation act, if an employee works eight hours for five days of the week and only four hours on Saturday his average daily earnings should be ascertained by dividing his weekly wages by 5½ and not by 6.

4. STATUTES—*statute should be construed to give to every word its ordinary meaning.* Statutes are to be construed, if possible, so as to give to each word, clause and sentence its ordinary and accepted meaning, and all provisions should be considered.

5. WORDS AND PHRASES—*meaning of word "minimum."* The word "minimum" means the least possible quantity, amount or degree that can be assigned in a given case or under fixed conditions.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

JOHN CLARK BAKER, (BURT A. CROWE, of counsel,) for plaintiff in error.

JOSEPH C. PISHA, and EWART HARRIS, (A. W. KERR, and FRED H. KRUGER, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was a proceeding under the Workmen's Compensation act brought by Louis Pesek against plaintiff in error, Louis A. Ruda, to recover compensation alleged to be due by reason of injuries received by Pesek by falling off a house in Chicago May 5, 1915, while in the employ of Ruda as a slate-roofer. On a hearing before the arbitrator an award of $12 per week for temporary total incapacity was made. On review before the Industrial Board defendant in error, Pesek, was awarded $10.77 per week beginning May 13, 1915, to continue during the period of total temporary disability. An award was also entered covering medical expenditures. On writ of *certiorari* the record of the Industrial Board was reviewed in the circuit court of Cook county. That court affirmed the finding of the Industrial Board and certified the case was one proper to be reviewed by this court, and the case was thereupon brought here by writ of error for review.

Both parties agree that Louis Pesek is entitled to recover under the Workmen's Compensation act as the accident arose out of and in the course of his employment by plaintiff in error and that plaintiff in error was and is governed by the provisions of said act.

The Industrial Board found that Pesek's average daily earnings were $5.60, or at the rate of seventy cents per hour for an eight-hour day, and determined that his average annual earnings were $1120,—that is, two hundred times his average daily earnings,—and ordered the payment of half this amount per year, in weekly installments of $10.77.

The basis for computing compensation for temporary total incapacity is provided for by the Workmen's Compensation act under section 10 of the act, (Hurd's Stat. 1916, pp. 1278-79,) which reads as follows:

"(*a*) The compensation shall be computed on the basis of the annual earnings which the injured person received

as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury.

"(b) Employment by the same employer shall be taken to mean employment by the same employer in the grade in which the employee was employed at the time of the accident, uninterrupted by absence from work, due to illness or any other unavoidable cause.

"(c) If the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location (or if that be impracticable, of neighboring employments of the same kind) have earned during such period.

"(d) As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as three hundred times the average daily earnings in such computation.

"(e) As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of three hundred as a basis for computing the annual earnings, provided the minimum number of days which shall be so used for the basis of the year's work shall be not less than two hundred.

"(f) In the case of injured employees who earn either no wage or less than the earnings of adult day laborers in the same line of employment in that locality, the yearly wage shall be reckoned according to the average annual earnings of adults of the same class in the same (or if that is impracticable, then of neighboring) employments.

"(g) Earnings, for the purpose of this section, shall be based on the earnings for the number of hours commonly

regarded as a day's work for that employment, and shall exclude overtime earnings. The earnings shall not include any sum which the employer has been accustomed to pay the employee to cover any special expense entailed on him by the nature of his employment.

"(h) In computing the compensation to be paid to any employee, who, before the accident for which he claims compensation, was disabled and drawing compensation under the terms of this act, the compensation for each subsequent injury shall be apportioned according to the proportion of incapacity and disability caused by the respective injuries which he may have suffered.

"(i) To determine the amount of compensation for each installment period, the amount per annum shall be ascertained pursuant hereto, and such amount divided by the number of installment periods per annum."

The principal question for our consideration is the proper construction to be placed upon paragraph (e) of said section 10. Counsel for plaintiff in error insist that Pesek's annual earnings were determinable otherwise than under the proviso of paragraph (e), while counsel for defendant in error insist that as the record clearly shows that Pesek had not worked a full year for Ruda and it was not the custom in the roofing business to operate all the working days of each year, under the proviso of said paragraph (e), regardless of whether the annual earnings in that line of work were determinable, it was clearly intended in such a class of cases that the minimum number of days used as the basis of the year's work should not be less than two hundred; that unless this be the construction placed upon this proviso, the word "minimum" in the proviso would be left without any meaning.

It is a cardinal rule in construing statutes that they are to be construed so as to give effect to each word, clause and sentence, so that no word, clause or sentence shall be considered superfluous or void, (Crozer v. People, 206 Ill. 464;

*People* v. *Flynn,* 265 id. 414; 36 Cyc. 1128;) and a statute should be so construed, if possible, as to give to each word and sentence its ordinary and accepted meaning. (*Crozer* v. *People, supra.*) The word "minimum" is defined as "the least possible quantity, amount or degree that can be assigned in a given case or under fixed conditions." (New' Standard Dict.; 27 Cyc. 793.) In reaching the proper construction to be placed upon any provision of a statute the whole should be construed together in order to get the intention of the legislature, as one part may furnish an explanation of another. (*Maiss* v. *Metropolitan Amusement Ass'n,* 241 Ill. 177.) Reading all of said section together, we think it is quite manifest that the legislature intended, if the employment operated all the working days of the year and an injured employee's wages were not determinable otherwise, that three hundred should be taken as a basis from which to calculate his compensation; that if the employment operated only a part of the working days, such number, if the injured employee's annual earnings were not otherwise determinable, should be taken as a basis, but that in any event no less than two hundred days should be used in such computation. Paragraph (*c*) has reference, obviously, to a situation where the employee has not worked for the same employer a full year prior to the accident, whether persons in that employment customarily worked all of the working days in the year or not. Paragraph (*d*) has reference solely to a situation where the employment operated all of such working days and provides the method of computing compensation if not otherwise determinable, while paragraph (*e*) is intended to cover a different situation,—that is, ascertaining a basis where the working days are intermittent,—and here in this proviso an express limitation is added, viz., that no less than two hundred days shall be taken as the minimum. (Harper on Workmen's Compensation, sec. 172.) Paragraph (*e*) does not provide, as do some of the other paragraphs, that if the annual earnings

are not otherwise determinable two hundred days shall be used as a basis but does clearly state that in any event the minimum shall not be less than two hundred days, and this was the construction put upon this statute by the Industrial Board in this proceeding and it has been so ·construed by the board in other cases. (*Goodwin* v. *Peabody Coal Co.* cited in note, 8 N. C. C. A. 1189; *Emert* v. *Big Muddy Coal Co.* cited in note, 13 id. 1250.) A like line of reasoning was used as to construing a California statute in *Rudder* v. *Ocean Shore Railroad Co.* 9 N. C. C. A. 544, and note.

This being the proper construction to place upon this statute, it is unnecessary to consider or discuss the question whether the annual working days of Ruda's business was otherwise determinable or whether the evidence of the arbitrator, Coleman, was improperly received, Coleman having gone to plaintiff in error's place of business to ascertain for himself, *ex parte,* whether the annual days of employment in the said business could be ascertained from Ruda's books. It is not improper to say, however, that the judgment of the Industrial Board could not properly be based upon the testimony of Coleman, as that testimony was improperly received under the holding of this court in *Bereda Manf. Co.* v. *Industrial Board,* 275 Ill. 514, for in a hearing of this kind the evidence must not be taken *ex parte.*

Counsel for plaintiff in error argue that even though the above is the proper construction to be placed upon the statute, the Industrial Board followed the wrong theory in finding the average for fixing the compensation. Their argument is, as we understand it, that as it is conceded on this record that Pesek worked eight hours a day for five days in the week and only four hours on Saturday, he worked forty-four hours per week at seventy cents per hour, and that that would give him a weekly wage of $30.80, and that in order to find his average daily wages, figuring two hundred days to the year, the weekly wage of $30.80 should be divided by 6, giving his average daily wages as

$5.1333, but that the Industrial Board divided $30.80 (the weekly wage) by 5½ instead of 6, giving his daily wage as $5.60, which, multiplied by two hundred, would give his annual earnings as $1120. In order to reach the proper conclusion on this question it is necessary to consider several provisions of the statute. Paragraph (*g*) of said section 10 provides that "earnings, for the purpose of this section, shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment, and shall exclude overtime earnings." This is the only provision of section 10 which seems to bear on the question as to whether the average should be found by ascertaining the average weekly earnings or the daily earnings, only. Eight hours is commonly regarded as a day's work. Eight hours a day at seventy cents per hour would be $5.60 a day. This, we think, is the fair construction that should be put upon paragraph (*g*) of said section. Paragraph (*b*) of section 8 provides that not less than six working days shall be taken as a basis for weekly wages in certain cases. Paragraphs (*f*), (*g*) and (*h*) of section 8 of the act also have provisions with reference to wages, providing that compensation shall not exceed fifty per cent of the average weekly wage or exceed $12 in amount per week. We think the legislature intended by these various provisions of the act to make a full day's work of eight hours the basis for ascertaining the average weekly earnings, and that it did not intend to take the week as the basis for it and find the average daily earnings by dividing by 6, including the half holiday on Saturday, in reaching the basis of the average daily earnings. This being so, we are of the opinion that the Industrial Board's finding on this point is correct.

We find no reversible error in the record. The judgment of the circuit court of Cook county will therefore be affirmed.

                                 *Judgment affirmed.*