(No. 26507.—
FRED MIELKE *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ELIZABETH AMENDA CALKINS *et al.* Defendants in Error.)

*Opinion filed March 17, 1942—Rehearing denied May 13, 1942.*

SINNETT & BRITTON, (THOMAS P. SINNETT, of counsel,) for plaintiffs in error.

D. W. JOHNSTON, for defendants in error.

Mr. JUSTICE FARTHING delivered the opinion of the court:

We granted a writ of error sought by Orin Littig, Fred, Herman, John and Rudolph Mielke, doing business under the firm name of Mielke Brothers Coal Company to review the order of the circuit court of Henry county which confirmed the Industrial Commission's $5000 award in favor of Elizabeth A. Calkins, widow of John B. Calkins, and their three children under 16 years of age.

On January 29, 1940, John B. Calkins was killed while he was at work in the mine of the coal company. Sixty dollars compensation was paid. The single question presented is what wages are the proper basis to use to compute the death benefit.

The parties stipulated that Calkins worked parts of 105 days at the mine during the year next preceding his death. Counsel for defendants in error admitted before the arbitrator that the decedent did not work every day that the mine worked during the year next preceding his death and that decedent worked part of that time for himself. Counsel for plaintiffs in error at the same time admitted that the mine "was not accustomed to working the full 300 days per year" and counsel for both parties then agreed before the arbitrator that to arrive at the annual wage the 200 days should be taken as the multiplier, in accordance with subsection (e) of section 10 of the Workmen's Compensation act. (Ill. Rev. Stat. 1939, chap. 48, par. 147.) The record of the arbitrator's hearing shows that Mr. Sin-

nett, counsel for the plaintiffs in error, said: "And inasmuch as this employer was not accustomed to working the full 300 days per year that we take then, under subsection (e) of section 10, the 200 days as the multiplier, multiplied by the $3.72, which gives an annual wage of $744.00 which this employee received from the employer, and this amount should be used as the basis for determining the amount of compensation to which he is entitled. Is that clear, Mr. Johnston? Mr. Johnston: Yes. And, of course, the contention of the applicants is that if you use the $5.75 basis, that it will make $1125.00 (this computation is not correct but no complaint is made by plaintiffs-in-error) as an annual earning."

In the same proceeding Mr. Johnston, counsel for defendants in error said: "It is stipulated that, at this mine, under the contract in force and effect between the miners and operator, a day's work was considered 7 hours, and the contract calls for a 35 hour week." To this Mr. Sinnett replied: "While it may be so stipulated for the record, the matters covered by the said stipulation are incompetent and not controlling; that section 10 of the Workmen's Compensation act determines the basis for computing compensation."

The arbitrator made an award of $3568 which was increased to $5000 by the commission, which the circuit court confirmed.

Section 10, *supra,* provides how a decedent's annual wages shall be computed. The parts of the section in point are as follows:

"(a) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury."

"(e) As to employes in employments in which it is the custom to operate for a part of the whole number of work-

ing days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of 300 as a basis for computing the annual earnings, provided the minimum number of days which shall be so used for the basis of the year's work shall be not less than 200."

"(g) Earnings, for the purpose of this section, shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment, and shall exclude overtime earnings. The earnings shall not include any sum which the employer has been accustomed to pay the employe to cover any special expense entailed on him by the nature of his employment."

It is not shown whether the decedent earned an hourly wage or was paid as a loader so much per ton of coal. It is shown that he worked 475 hours and received $390.95 during the year next preceding his death.

It was stipulated that at this mine, under the contract in force and effect between the miners and the operator, a day's work was considered seven hours, and the contract called for a thirty-five-hour week. Contrary to the objection of counsel for plaintiffs in error, the evidence was competent and under subsection (g) of section 10, *supra*, seven hours was a day's work.

This court construed subsection (g) as follows in *Ruda* v. *Industrial Board*, 283 Ill. 550, at page 556: "Paragraph (g) of said section 10 provides that 'earnings for the purpose of this section, shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment, and shall exclude overtime earnings.' This is the only provision of section 10 which seems to bear on the question as to whether the average should be found by ascertaining the average weekly earnings or the daily earnings, only. Eight hours is commonly regarded as a day's work.   *   *   *   We think the legislature intended by these various provisions of the act to make a full day's work of eight hours the basis for ascer-

taining the average weekly earnings, and that it did not intend to take the week as the basis for it and find the average daily earnings by dividing by 6, including the half holiday on Saturday, in reaching the basis of the average daily earnings."

In *Stellwagen* v. *Industrial Com.* 359 Ill. 557, the employee worked only part of the time for the employer and the court said: "The award was made on the basis of one dollar an hour for eight hours a day and the minimum of 200 days. Section 10*g* provides that earnings shall be based on the earnings for the number of hours commonly regarded as a day's work for that employment and excluding over-time earnings. Eight hours is commonly regarded as a day's work. (*Ruda* v. *Industrial Board,* 283 Ill. 550.) The employment of defendant in error was such that it would customarily engage him only a part of the whole number of working days, depending upon the weather and circumstances. In such cases section 10*e* applies, and the award was properly based on a daily wage of eight dollars, multiplied by the 200-day minimum to determine the average annual earnings. *Ruda* v. *Industrial Board, supra.*"

Inasmuch as it was stipulated that seven hours was a day's work at the mine the correct way to compute the daily wage is to divide the wages earned for the year by the number of hours worked and then multiply that result by seven, which amounts to $5.75.

The agreement of counsel before the arbitrator made it also correct to multiply this by 200 days. Then in accordance with section 7(a) this result is multiplied by four. Because the deceased left three children under 16, paragraph 4 of subsection (h) of section 7 of the act applies and therefore the award was $5000.

The award of the Industrial Commission and the decision of the circuit court are correct.

*Judgment affirmed.*