(No. 55488.—

JOSEPHINE E. FRIDDLE, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (The City of Wilmington,
Appellee).

*Opinion filed September 17, 1982.*

J. William Stefan, of La Grange, for appellant.

Frank H. Masters, Jr., of Masters, Brumund, Belom, Jacobs, Wright, Babcock & Stukel (Sidney Z. Karasik, of counsel), for appellee.

JUSTICE CLARK delivered the opinion of the court:

Melvin A. Friddle was employed as a part-time volunteer fireman for the city of Wilmington. On February 5, 1978, he sustained fatal injuries arising out of and in the course of his employment as a volunteer fireman. The arbitrator entered an award of compensation to the plaintiff, Mrs. Friddle, in accordance with section 10(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.10(e)). The Industrial Commission affirmed the award as computed, and the circuit court of Will County confirmed the decision of the Industrial Commission. The plaintiff appealed to this court pursuant to Rule 302(a) (73 Ill. 2d R. 302(a)).

The issue before us is whether section 10(e) of the Workmen's Compensation Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.10(e)) was properly applied by the Industrial Commission.

Section 7(a) of the Act (Ill. Rev. Stat. 1977, ch. 48, par. 138.7(a)) addresses the amount of compensation to

be paid for an accidental injury that results in an employee's death. It states that the weekly compensation rate is computed in accordance with subparagraph 2 of section 8(b) (Ill. Rev. Stat. 1977, ch. 48, par. 138.7(a)). Section 8(b)(2) provides that the basic benefit should equal two-thirds (66²/₃%) of that employee's average weekly wage computed in accordance with section 10 (Ill. Rev. Stat. 1977, ch. 48, par. 138.8(b)(2)). Section 10 provided in part:

"The basis for computing the compensation provided for in Sections 7 and 8 of the Act shall be as follows:

(a) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury.

(b) Employment by the same employer shall be taken to mean employment by the same employer in the grade in which the employee was employed at the time of the accident, uninterrupted by absence from work due to illness or any other unavoidable cause.

(c) If the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location, (or if that be impracticable, of neighboring employments of the same kind) have earned during such period.

(d) As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as 300 times the average daily earnings in such computation.

(e) As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of 300 as a basis for computing the annual earnings, provided the minimum number of days which shall

be so used for the basis of the year's work shall be not less than 200.

(f) In the case of injured employees who earn either no wage or less than the earnings of adult day laborers in the same line of employment in that locality, the yearly wage shall be reckoned according to the average annual earnings of adults of the same class in the same (or if that is impracticable, then of neighboring) employments." Ill. Rev. Stat. 1977, ch. 48, par. 138.10.

In computing the earnings base, paragraphs (d), (e) and (f) are used in determining the annual earnings only if paragraphs (a) or (c) do not apply. *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 164; see *Ruda v. Industrial Board* (1918), 283 Ill. 550.

In *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, the claimant was employed as a full-time welder by General Motors and drove a taxi for the Yellow Cab Company on weekends. The Industrial Commission awarded benefits based only on the income derived from his part-time job as a taxi driver. While the circuit court upheld the award, this court reversed the decision, holding that the claimant's compensation should have been based on the earnings he would have received had he been employed full time as a taxi driver. The court indicated, in interpreting section 10 in *Vaught*, that paragraph (a) did not apply because, although the claimant there had been employed during the entire preceding year, he had not been employed "continuously" or on a full-time basis. 52 Ill. 2d 158, 165.

In the case at hand the decedent was employed full time as a driving instructor for Ryder Systems, Inc., and had not been employed "continuously" by the Wilmington fire department. Therefore, the method of determining a wage base as provided for in paragraph (a) does not apply. In *Vaught*, the court said that paragraph (c) was applicable to individuals who had not been employed for a full year and not to employees like the claimant here, who had been employed on a part-time basis for more than a full year.

(52 Ill. 2d 158, 165.) In the instant case the decedent had been a volunteer fireman in Wilmington for 10½ years prior to his death. Thus paragraph (c) does not apply.

Paragraph (d) refers to a situation in which it is customary for an employee to work throughout all of the working days of the year. A method is then provided to arrive at a rate of compensation when it is not otherwise determinable. *Ruda v. Industrial Board* (1918), 283 Ill. 550, 554.

Paragraph (e) protects the part-time employee "where the working days are intermittent" (*Ruda v. Industrial Board* (1918), 283 Ill. 550, 554; *K. & R. Delivery v. Industrial Com.* (1957), 11 Ill. 2d 441) and the employment is temporary (*Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158; *K. & R. Delivery v. Industrial Com.* (1957), 11 Ill. 2d 441, 446). One aim of paragraph (e) is to provide an earnings base for seasonal employees such as construction workers. 2 T. Angerstein, Illinois Workmen's Compensation sec. 1799, at 373 (rev. ed. 1952).

In *K. & R. Delivery v. Industrial Com.* (1957), 11 Ill. 2d 441, the court applied section 10(e) to a worker regularly employed as a full-time fireman who worked sporadically for a delivery service on his off days. He was employed temporarily, at intermittent intervals, when the regular drivers were unable to handle large bulky deliveries alone. The court determined that the employment of the claimant in *K. & R. Delivery* "was of such a nature to warrant the sole application of section 10(e)." 11 Ill. 2d 441, 446.

In *Vaught v. Industrial Com.* the court found that it was not confronted with a situation involving "temporary part-time employment, as defined in *K. & R. Delivery*" and that section 10(e) did not apply. "[T]he work [of the part-time taxicab driver] was regular on weekends; it was not intermittent; it existed throughout the year ***." 52 Ill. 2d 158, 167.

In the case at bar while the status of the employee was that of a volunteer fireman, uncontradicted testimony

clearly established that the decedent worked regularly, two to three hours a day, on Wilmington fire department business, in addition to the emergency fire calls to which he responded (180 in the year prior to his death). The decedent was in charge of the maintenance of the fire department equipment, was involved in preplanning (locating target areas that might present special fire problems) as well as auto extrication, water rescue training, and participation in Mutual Aid Association meetings.

Prior to November 1977, members of the Wilmington fire department were paid on a per-call basis at $5 per call. After November 1977, a maximum monthly rate of $55 was established, which encompassed payment for responding to the calls and maintenance on the fire equipment, as well as attendance at training sessions or fire drills. The defendant city of Wilmington contends that the instant facts are unlike *Vaught* because the Industrial Commission found as fact that the decedent's work was sporadic and intermittent. That appears to be inaccurate. The Commission rather misapplied section 10(e) to this part-time employee who worked regularly as a captain in the Wilmington fire department. The decedent did not simply work on the occasions when he was called out in response to a fire alarm. He was compensated for duties that included daily work at the fire station on fire department business.

Intermittent employment more appropriately describes the work of a free-lance practical nurse who is employed occasionally in a temporary capacity or a general construction worker hired on a temporary basis when a particular job becomes available, or such seasonal employment as cotton picking, fruit picking, and general farm work or forestry. See generally 2 A. Larson, Workmen's Compensation sec. 60.22 (1981).

The plaintiff points out that the legislature amended section 10 in 1980 to expressly provide a basis for computing income benefits for volunteer firemen based upon the

average weekly wage in their regular employment. It is the plaintiff's contention that had the amendment been in effect on the date of the filing of this claim, section 10, as amended, would have controlled. However, the plaintiff's assertion is irrelevant because it is agreed that the 1980 amendment to section 10(e) was not in effect at the time this claim was filed. It is well established that claims of injured workmen for compensation under the Workmen's Compensation Act are not affected by changes in the rate of compensation after an accident and filing of a claim. *Grigsby v. Industrial Com.* (1979), 76 Ill. 2d 528, 532-33. See *Stanswsky v. Industrial Com.* (1931), 344 Ill. 436, 438-39, citing to Cahill's Stat. 1929, ch. 131, par. 4.

Prior to the 1980 amendment to section 10(e) all earnings from concurrent employments were considered in calculating the earnings base if the employments were similar or related. *E.g., Puttkammer v. Industrial Com.* (1939), 371 Ill. 497 (combining earnings from a workman's jobs driving a coal company truck and driving trucks for a paving company in computing his earnings base); *Chicago & Interurban Traction Co. v. Industrial Board* (1917), 282 Ill. 230 (death benefits calculated on basis of total earnings received from two traction companies in his employment as a motorman); *Krawiec v. Industrial Com.* (1939), 372 Ill. 560 (compensation based upon aggregate earnings paid by two employers where a night watchman was injured on the property of one); *Sinclair Refining Co. v. Industrial Com.* (1925), 317 Ill. 541 (compensation based upon employee's actual earnings in the previous year although he had been paid for his work as a plumber by a variety of employers).

The decedent's full-time employment as a driving instructor with Ryder Systems, Inc., was not similar or related to the character of his duties as a volunteer fireman. It was therefore proper for the Commission to exclude any earnings the decedent might have received from his full-time employment as a driving instructor in determining the

proper wage base for purposes of compensation.

It is clear that it is the function of the Industrial Commission to resolve factual questions, and we will not set aside a finding of fact by the Commission unless it is contrary to the manifest weight of the evidence. (*Motor Wheel Corp. v. Industrial Com.* (1979), 75 Ill. 2d 230, 236-37; *Keystone Steel & Wire Co. v. Industrial Com.* (1978), 72 Ill. 2d 474, 480.) However when there is no dispute as to the facts and there are no conflicting inferences to be drawn from those facts, we are presented with a question of law. The facts are uncontested here; the issue is a matter of law. *Wright v. Industrial Com.* (1975), 62 Ill. 2d 65, 71; *Malco v. Industrial Com.* (1976), 65 Ill. 2d 426, 431.

We conclude that because the decedent worked regularly throughout the year as a volunteer fireman, section 10(e) (Ill. Rev. Stat. 1977, ch. 48, par. 138.10(e)) is not applicable. Accordingly, we reverse the judgment of the circuit court of Will County and remand the cause to the Industrial Commission for a reevaluation of the decedent's weekly wage basis.

The plaintiff suggested to the Commission that because Joliet is the closest city to Wilmington with a full-time fire department the annual salary for a fire captain in Joliet should serve as a fair basis upon which to determine the benefits payable as the proper compensation rate. We take judicial notice of the disparate populations of Wilmington and Joliet (1970: 4,335 versus 78,827; 1980: 4,424 versus 77,956 (1980 Census of Population and Housing, Advance Reports, PHC80—V—15, Illinois)). We therefore direct the Commission to consider other communities that employ one or more full-time firemen where the population is commensurate with the city of Wilmington's in finding an appropriate wage base.

*Circuit court reversed;*
*cause remanded,*
*with directions.*