(No. 56828.—

MAXINE HASLER, Appellee, v. THE INDUSTRIAL COMMISSION *et al.* (Robert Wease, Appellant).

*Opinion filed June 17, 1983.—Rehearing*
*denied September 30, 1983.*

Dukes, O'Rourke, Stewart, Martin & Helm, Ltd., of Danville (John F. Martin, of counsel), for appellant.

Charles W. Hendrix Law Office, P.C., of Champaign (Charles W. Hendrix, of counsel), for appellee.

JUSTICE MORAN delivered the opinion of the court:

Claimant, Maxine Hasler, sought workmen's compensa-

tion for an injury she sustained while in the employ of respondent, Robert Wease. An arbitrator found that she was totally and permanently disabled, and awarded her compensation in accordance with section 10(e) of the Workmen's Compensation Act (Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.10(e)). The Industrial Commission modified the decision of the arbitrator, finding that claimant was temporarily totally disabled. It further determined that her earnings base should be computed pursuant to section 10(a) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.10(a)). The circuit court of Champaign County reversed the decision of the Commission on the grounds that, as a matter of law, section 10(e) governs the computation of claimant's award. Respondent brought a direct appeal to this court. 73 Ill. 2d R. 302(a).

The sole issue for review is whether claimant's compensation should be computed in accordance with section 10(a), or section 10(e), of the Act.

On July 7, 1979, claimant was employed by respondent as a painter and wallpaper hanger. On that date, while returning with respondent from a job site, their vehicle collided with another automobile resulting in claimant's injuries.

At the hearing before the arbitrator, claimant testified that her employment varied with respect to the number of days she worked. She indicated that certain months were "more busy" than others. Her hourly wage was $6, and she normally worked eight through nine hours a day.

On cross-examination, claimant stated that she had been employed by respondent for five years preceding the injury. She was not engaged in any other employment. When asked whether she worked every day, claimant responded: "I worked about every day, yes. Every day that we had work, yes." She further stated that she worked for respondent every month but not every week. Claimant subsequently indicated that respondent had work for her

"most of the time."

Additional evidence showed that claimant worked seven months, and earned $1,624.72, during the year next preceding the injury. With the exception of certain medical reports, no evidence was produced during the hearing before the Commission.

Section 10 of the Act provides, in relevant part:

"(a) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury.

\* \* \*

(e) As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of 300 as a basis for computing the annual earnings, provided the minimum number of days which shall be so used for the basis of the year's work shall be not less than 200." Ill. Rev. Stat. 1979, ch. 48, pars. 138.10(a), (e).

Claimant contends that section 10(a) is inapplicable because she was not continuously employed by respondent for a full year preceding the injury. She alleges that she worked "intermittently," and cites a number of cases which indicate that section 10(e) should be used to determine the basis of compensation where the employment is intermittent. (*K. & R. Delivery, Inc. v. Industrial Com.* (1957), 11 Ill. 2d 441; *Mielke v. Industrial Com.* (1942), 379 Ill. 462; *Stellwagen v. Industrial Com.* (1935), 359 Ill. 557; *Ruda v. Industrial Board* (1918), 283 Ill. 550.) We agree with respondent that these cases are distinguishable.

In *K. & R. Delivery, Inc.*, the claimant was employed full time and also held a part-time job. The injury was sustained during the course of the part-time employment. In determining that claimant's compensation should be computed in accordance with section 10(e), this court noted

that claimant was not continuously employed by respondent for a full year preceding the injury. The evidence indicated that he may have worked only seven days, and that he did not work all year for the same employer. Further, because of the nature of the employment, the annual earnings were not determinable.

Similarly, in *Stellwagen*, the claimant was engaged in two occupations. He worked three days a week for the city of Chicago, and also performed "odd jobs," such as home repairs, for respondent. He sustained an injury during the course of the latter employment. Claimant's compensation was computed pursuant to section 10(e) because he did not work for respondent "continuously" during the year preceding the injury. There was no evidence of what claimant's actual earnings were for that year, nor how long he had been employed by respondent.

*Ruda* is also distinguishable from the present case. There, section 10(e) was applied to determine claimant's compensation because he was engaged in an occupation (slate-roofing) which did not operate all year, and he had not worked for respondent for a full year.

In the instant case, claimant was not engaged in two occupations; she worked for the *same* employer for five years preceding the injury. Her annual wages were clearly determined. Further, we agree with the Commission that the record does not indicate claimant's employment was temporary or seasonal. She performed both interior and exterior work on buildings, and was employed certain months during all seasons. Claimant was therefore "continuously" employed only by respondent, and the fact that she did not work for him every day does not render that employment intermittent. But *cf. Mielke v. Industrial Com.* (1942), 379 Ill. 462 (wherein paragraph 10(e) was applied under similar facts because the parties stipulated that this paragraph would apply).

In our view intermittent employment, within the mean-

ing of section 10(e), is that which is temporary, part-time, or seasonal. This conclusion is supported by the more recent decisions in *Friddle v. Industrial Com.* (1982), 92 Ill. 2d 39, and *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158. In *Friddle*, the decedent had both a full-time and a regular part-time job, and was fatally injured during the course of his part-time employment. In determining that section 10(e) was inapplicable for purposes of computing his compensation, this court stated:

"Paragraph (e) protects the *part-time* employee 'where the working days are intermittent' (*Ruda v. Industrial Board* (1918), 283 Ill. 550, 554; *K. & R. Delivery v. Industrial Com.* (1957), 11 Ill. 2d 441) *and* the employment is temporary (*Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158; *K. & R. Delivery v. Industrial Com.* (1957), 11 Ill. 2d 441, 446). One aim of paragraph (e) is to provide an earnings base for seasonal employees such as construction workers. 2 T. Angerstein, Illinois Workmen's Compensation sec. 1799, at 373 (rev. ed. 1952)." (Emphasis added.) (92 Ill. 2d 39, 44.)

Intermittent employment was described as "the work of a free-lance practical nurse who is employed occasionally in a temporary capacity or a general construction worker hired on a temporary basis when a particular job becomes available, or such seasonal employment as cotton picking, fruit picking, and general farm work or forestry. See generally 2 A. Larson, Workmen's Compensation sec. 60.22 (1981)." 92 Ill. 2d 39, 45.

The court in *Friddle* also determined that section 10(a) was inapplicable because the decedent was not "continuously" employed by respondent. Significantly, the employment was not considered continuous because, unlike in the instant case, decedent also worked for another employer. For the same reason, section 10(a) was held inapplicable in *Vaught*. Further, although the claimant in that case did not work every day of the year, section 10(e) was not applied to compute his compensation.

Sound policy considerations support the application of paragraph (a) in the instant case. This paragraph, because it is based on a claimant's actual earnings, represents the most accurate method for computing a disability award. Perhaps for this reason it has been held that paragraph (a) should be applied if possible, and paragraph (e) should be employed only as a last resort. *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 164; see *Friddle v. Industrial Com.* (1982), 92 Ill. 2d 39, 43.

More importantly, the application of paragraph (e) in the instant case would create an anomalous result. As previously related, claimant earned approximately $1,600 during the year preceding the injury, and she would be compensated for this amount under paragraph (a). Under the computation method prescribed in paragraph (e), claimant's rate of compensation is $9,600. Consequently, she would be awarded an amount almost six times greater than her actual earnings. We believe that the purpose of the Act is to compensate, or "make whole," an injured employee, not to provide a windfall. To hold otherwise would create a situation in which it is more advantageous, financially, to be injured than to be employed.

For the above-stated reasons, the judgment of the circuit court of Champaign County is reversed, and the order of the Industrial Commission is confirmed.

*Circuit court reversed; Industrial Commission confirmed.*