YELLOW FREIGHT SYSTEMS, Appellee, v. THE INDUSTRIAL COM-
MISSION *et al.* (Howard Ohnesorge, Jr., Appellant).

Fifth District (Industrial Commission Division)   No. 5—84—0103WC

Opinion filed October 3, 1984.

WEBBER, J., specially concurring.

Scheele, Serkland & Boyle, Ltd., of Chicago (Stephen M. Cornelius, of counsel), for appellant.

Stephen L. Corn and Rochelle A. Funderburg, both of Craig & Craig, of Mattoon, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The claimant, Howard Ohnesorge, Jr., appeals from an order of the circuit court reducing the computation of his average weekly wage under section 10 of the Workmen's Compensation Act (Ill.

Rev. Stat. 1977, ch. 48, par. 138.10) (hereafter the Act). The respondent, Yellow Freight Systems (hereafter YFS), cross-appeals from that part of the circuit court's order granting benefits for permanent partial disability.

The facts in the instant case are not disputed. The claimant, Howard Ohnesorge, Jr., began working for YFS in September of 1977 and was injured on December 17, 1978. The claimant was one of 40 extra workers who worked on the docks when needed by YFS. His salary was $9.38 per hour, comparable to permanent full-time workers. The claimant generally worked every weekend and two or three days during the week. However, there were weeks when he worked a full five days and weeks when he did not work at all. The claimant was on call to work every day of the year except for the holidays. His actual earnings at YFS during the year preceding his accident were $5,344.04.

During this time, the claimant was also self-employed as a farmer. His estimated income from farming was $20,000 per year.

On December 17, 1978, the claimant was working for YFS unloading a dumpster when he fell approximately 10 feet, injuring his head. The claimant subsequently lost his sense of smell and suffered an impaired sense of taste.

On the basis of the above-cited facts, the arbitrator found that the claimant's average weekly wage was $348.25 based on an annual wage of $18,109. The arbitrator awarded the claimant $232.17 for $3^6/7$ weeks for temporary total disability. The arbitrator found no permanent disability.

The Commission awarded total temporary disability of $3^3/7$ weeks at the rate set by the arbitrator. In affirming the arbitrator, the Commission found that the claimant was a "regular part-time dock worker" under *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 287 N.E.2d 701. The Commission additionally found that the claimant had suffered a 10% permanent disability.

The circuit court found that the claimant was not a regular part-time worker under *Vaught* and, therefore, reduced the claimant's average weekly wage to $102.77 per week based on the annual wage of $5,344.04 actually earned by the claimant in the preceding year. The court confirmed the award of benefits for 10% permanent disability. It is from this order that the parties now appeal.

The claimant asserts on appeal that, because he was a regular part-time employee under *Vaught*, the Commission correctly computed his annual wages based upon the annual earnings of the full-time dock workers at YFS. Thus, he contends, the circuit court

erred in reducing his average weekly rate to the average wage that he actually earned. YFS argues that because the claimant worked only intermittently on an "on call" basis, his benefits should be computed based on his actual annual earnings.

Under section 8 of the Act, compensation for temporary and permanent incapacity is based upon a percentage of a claimant's "average weekly wage computed in accordance with Section 10." (Ill. Rev. Stat. 1977, ch. 48, par. 138.8.) Section 10 establishes the methods for computing a claimant's annual salary, which, when divided by 52 weeks, results in an average weekly wage. Thus, a claimant's average weekly wage is computed by reference to the provisions of section 10.

The Illinois Supreme Court in *Vaught*, however, determined that the Act did not expressly provide a basis for computing the annual wage of a "regular part-time" worker. The court found instead that the annual wage of a regular part-time worker should be computed on the basis of the annual salary of the full-time employees in the same grade as a claimant.

The issue before this court, then, is whether the annual wage of the claimant in the instant case should be computed based upon the principles of *Vaught* or upon the provisions of section 10(a).

We find that the circuit court erred in setting aside the Commission's award of benefits under *Vaught*. The supreme court based its definition in *Vaught* of a "regular part-time worker" on the following factors: (1) the work was regular on weekends; (2) the work was not intermittent; (3) the work existed through the year; (4) the pay rates were the same for full- and part-time workers; (5) the full- and part-time employees were not distinguishable other than the number of hours worked; and (6) the full- and part-time workers were subject to the same risks. The claimant in *Vaught* was a welder who "moonlighted" by working every weekend for 13 years as a cabdriver.

In the instant case, it is clear that the claimant's work existed throughout the year. Further, the full- and part-time employees were not distinguishable other than the number of hours worked. Both full- and part-time employees made approximately $9.38 per hour. Finally, because part-time workers performed the same job as full-time dock workers, both groups were subject to the same risks. The question then is whether the claimant's work was so irregular and intermittent that he was not a regular part-time employee. The claimant apparently worked approximately 570 hours for YFS in the year prior to the accident. He was a part of a recognized part-time

work force. He had been employed as a part-time worker for 18 months. It would appear that the claimant's employment at YFS closely resembled the "moonlighting" dealt with in *Vaught*.

The respondent YFS argues that the claimant's annual wage should be computed under section 10(a), which provided:

"(a) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages or earnings if in the employment of the same employer continuously during the year next preceding the injury." Ill. Rev. Stat. 1977, ch. 48, par. 138.10(a).

In support of its argument, YFS relies on *Hasler v. Industrial Com.* (1983), 97 Ill. 2d 46, 454 N.E.2d 307. The claimant Hasler worked approximately 37 days during the course of a seven-month period as a wallpaper hanger and painter. She had worked part time for the same employer for five years. In determining Hasler's annual wage, the court found that she worked continuously during the year preceding her injury. The court, therefore, based her average weekly wage on her actual annual salary, as provided in section 10(a).

However, YFS also argues, contrary to its reliance on *Hasler*, that the instant claimant worked only intermittently. In support of this argument, YFS relies on *K. & R. Delivery v. Industrial Com.* (1957), 11 Ill. 2d 441, 143 N.E.2d 56. In *K. & R. Delivery*, the court found that the claimant's employment assisting in deliveries was only intermittent. Therefore, the court awarded the claimant benefits under section 10(e). However, under section 10(e), the claimant's actual earnings are not used as the basis for computing the annual salary. Therefore, YFS' reliance upon *K. & R. Delivery* and related cases is inapposite.

■ In the instant case, it clearly cannot be said that the claimant's employment with YFS was continuous under section 10(a). We conclude that the claimant was a regular part-time worker under the principles set forth in *Vaught*. We therefore find that the Commission computed the petitioner's rate properly and find that the circuit court erred in reducing the claimant's computed annual wage and resulting average weekly wage.

YFS, in its cross-appeal, asserts that the circuit court erred in affirming the Commission's finding of permanent partial disability based upon the claimant's impaired senses of smell and taste. Specifically, YFS asserts that the award of permanent disability benefits should be reversed because there was no evidence that the claimant was incapacitated in pursuing his usual employment or that the

claimant's opportunities for future employment were reduced.

■ Section 8(d)(1) of the Act allows for compensation to be awarded only when the permanent incapacity resulting from a claimant's injury prevents the claimant from pursuing his usual and customary line of employment. However, section 8(d)(2) provides for the payment of benefits for any serious and permanent injury not covered in sections 8(c) or 8(e) of the Act. The impairment of the senses of taste and smell are unquestionably serious and permanent injuries. The sense of smell is particularly valuable because it enables the individual to sense fire and other dangers present in the workplace and in daily activities. Further, neither loss is provided for in sections 8(c) or (e).

■ Thus, the complainant's sensory impairment was compensable under section 8(d)(2). The complainant presented evidence sufficient to establish the existence of the impairment. The Commission's order was, therefore, not against the manifest weight of the evidence and was properly confirmed by the circuit court.

Accordingly, the judgment of the circuit court of Effingham County is reversed, and the order of the Industrial Commission is confirmed.

Circuit court reversed; Industrial Commission confirmed.

SEIDENFELD, P.J., McNAMARA and KASSERMAN, JJ., concur.

JUSTICE WEBBER, specially concurring:

I concur in the result reached in the principal opinion on the basis that Ohnesorge was a regular part-time employee under the rationale of *Vaught* and not an intermittent employee as described in *Hasler*. All this is more fully explicated in our opinion in *Cardiff v. Industrial Com.* (1984), 127 Ill. App. 3d 52.