PHILLIP McCARTNEY, Appellant, v. THE INDUSTRIAL COMMISSION
*et al.* (Stoller and Maurer, Appellee).

Fourth District (Industrial Commission Division)   No. 4—87—0665WC

Opinion filed September 1, 1988.

McCULLOUGH and McNAMARA, JJ., dissenting.

Jean A. Swee, of Jerome Mirza & Associates, Ltd., of Bloomington, for appellant.

Costigan & Wollrab, P.C., of Bloomington (Guy C. Fraker, of counsel), for appellee.

JUSTICE CALVO delivered the opinion of the court:

Claimant, Phillip McCartney, filed an application for adjustment of claim under the Workers' Compensation Act (Ill. Rev. Stat. 1983, ch. 48, par. 138.1 *et seq.*) alleging that his back injury arose out of and during the course of his employment with Stoller and Maurer. After a hearing, the arbitrator awarded claimant 26 weeks of temporary total

disability benefits (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(b)(2)) and an 8% total disability under the "man as a whole" provision. (Ill. Rev. Stat. 1983, ch. 48, par. 138.8(d)(2).) Claimant's average weekly wage was found to be $132.63. (Ill. Rev. Stat. 1983, ch. 48, par. 138.10.) The Industrial Commission affirmed the arbitrator's decision and the circuit court confirmed the Industrial Commission. Claimant appeals, alleging that the Industrial Commission's computation of his average weekly wage is erroneous. The facts are as follows.

Claimant testified that prior to the injury he had been employed as a construction laborer for approximately 20 years; for several years preceding the injury he worked exclusively for the employer. During those 20 years, claimant could only recall one stretch of time when he worked 40 hours per week for a whole year. Otherwise, he was often laid off when the weather was not conducive to construction activities. Claimant related that he was most often employed in the summer and most often laid off in the winter. He testified he worked one day in December and was off in March and worked since March during the year of his injury prior to the arbitration hearing.

The parties stipulated that during the 12 months immediately prior to the injury claimant earned $6,896.95. This figure excludes overtime pay and was based upon 509 hours of work at a rate of $13.55 per hour. There is no record whatsoever of the number of continuous days or weeks claimant worked or the number of hours per week which constituted claimant's workweek during this 12-month period.

On these facts the arbitrator found claimant's average weekly wage to be $132.63 ($6,896.95 divided by 52). On review, the Industrial Commission affirmed the arbitrator, finding that "no evidence was presented as to the weeks or parts thereof that [claimant] actually worked or the number of hours per week for which [claimant] was regularly employed."

■ Section 10 of the Act provides in pertinent part:

"The basis for computing the compensation provided for in Sections 7 and 8 of the Act shall be as follows:

The compensation shall be computed on the basis of the 'Average weekly wage' which shall mean the actual earnings of the employee in the employment in which he was working at the time of the injury during the period of 52 weeks ending with the last day of the employee's last full pay period immediately preceding the date of injury, illness or disablement excluding overtime, and bonus divided by 52; but if the injured employee lost 5 or more calendar days during such period, whether or

not in the same week, then the earnings for the remainder of such 52 weeks shall be divided by the number of weeks and parts thereof remaining after the time so lost has been deducted. Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee actually earned wages shall be followed. Where by reason of the shortness of the time during which the employee has been in the employment of his employer or of the casual nature or terms of the employment, it is impractical to compute the average weekly wages as above defined, regard shall be had to the average weekly amount which during the 52 weeks previous to the injury, illness or disablement was being or would have been earned by a person in the same grade employed at the same work for each of such 52 weeks for the same number of hours per week by the same employer." (Ill. Rev. Stat. 1983, ch. 48, par. 138.10.)

Thus, an employee's average weekly wage is determined on the basis of the employee's actual regular earnings divided by the number of weeks actually worked if the employee lost five or more calendar days of employment during the 52-week period immediately preceding the injury. (See *Smith v. Industrial Comm'n* (1988), 170 Ill. App. 3d 626, 631.) Assuming compliance with section 10, the Industrial Commission's determination of a claimant's average weekly wage is an issue of fact which will not be set aside unless it is contrary to the manifest weight of the evidence. *Smith v. Industrial Comm'n* (1988), 170 Ill. App. 3d 626, 631.

■ Although claimant did not present detailed proof as to the number of weeks or parts thereof worked, or as to the number of hours which normally constituted his workweek during the past 12 months, claimant's undisputed testimony clearly indicates that he was often laid off from work for long periods of time and that such layoffs were common for those engaged in his occupation. Moreover, the stipulation of fact that claimant worked only 509 hours during the 12 months preceding the injury indicates that claimant was laid off a significant part of the year. We therefore conclude that the Industrial Commission's decision to divide claimant's earnings for the year by the number of weeks in a year to determine his average weekly wage is contrary to the manifest weight of the evidence.

The judgment of the circuit court confirming the Industrial Commission's determination of claimant's average weekly wage is reversed, and the cause is remanded to the Industrial Commission for a

proper determination of compensation due claimant consistent with the views expressed herein.

Reversed and remanded.

BARRY, P.J., and WOODWARD, J., concur.

JUSTICE McCULLOUGH, dissenting:

The decision of the Industrial Commission was not against the manifest weight of the evidence and its decision which was affirmed by the trial court should be affirmed by this court.

The petitioner appealed the decision of the arbitrator to the Industrial Commission, a principal issue being the arbitrator's determination of the average weekly wage. The Commission's decision in its findings states:

> "With respect to Petitioner's average weekly wage the Commission notes that no evidence was presented as to the weeks and parts thereof that Petitioner actually worked or the number of hours per week for which he was to be regularly employed. Respondent was Petitioner's only employer in the year preceding the accident. Petitioner was employed by Respondent for 52 weeks preceding the accident and his earnings in those 52 weeks were stipulated to by the parties."

As stated in the petitioner's brief, the parties stipulated that the petitioner worked the entire 12 months before the accident for the defendant and excluding overtime earned $6,896.95. In line with *Hasler v. Industrial Comm'n* (1983), 97 Ill. 2d 46, 454 N.E.2d 307, where the "claimant was not engaged in two occupations" and the "annual wages were clearly determined," the decision of the commission and the trial court should be affirmed.

The decision of the Industrial Commission was made upon the evidence presented. That this court should state that the petitioner should now get another chance to prove his petition will only produce countless appeals citing this decision as authority to present the merits of the petition anew.

McNAMARA, J., joins in this dissent.