Kenneth R. BAER, Respondent,

v.

CITY OF BROOKFIELD, Missouri, and State Automobile and Casualty Underwriters, Appellants.

No. 23741.

Kansas City Court of Appeals. Missouri.

April 1, 1963.

Chapman & Chapman, by Nolan Chapman, Jr., Chillicothe, for appellants.

Stephen J. Millett, Kingston, Knipmeyer, McCann & Millett, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

This is a workmen's compensation case. The facts are not really in dispute. The disagreement arises from the amount of the award.

It is admitted that on November 22, 1959, the City of Brookfield, Missouri, was an employer, operating under the Missouri Workmen's Compensation Law, was fully insured by the State Automobile and Casualty Underwriters of Des Moines, Iowa; that on said date plaintiff Kenneth R. Baer sustained injuries by accident arising out of and in the course of his employment as a volunteer fireman, and that notice and claim had been duly filed.

Claimant was the owner and operator of an auto supply company in Brookfield and also served as a volunteer fireman on the Brookfield fire department. On November 22, 1959, and while "fighting a fire" claimant was injured when a wall collapsed and struck him. He suffered shock, severe lacerations of the left side of his face, resulting in disfigurement, a fracture of the left jaw, multiple fractures of both bones of the forearm, and fractures of the left tibia. There is no contention that the injuries were insufficient to justify the award. His compensation from the city for his services as a volunteer fireman was $4 for each fire in the daytime and $6 for each nighttime fire. For the year preceding the accident he received $238 and was in attendance at 51 fires.

The referee found for claimant. On appeal the Industrial Commission likewise found for Mr. Baer. The final award allowed: (1) Permanent partial disability of 50 percent of the body as a whole, amounting to $17.96 per week for 200 weeks and (2) additional permanent partial disability for the loss of "eight cutting teeth and four molars" an additional 20 weeks, and (3) for "serious permanent mutilation and disfigurement about the face and head in the sum of $1600.00)." The circuit court affirmed the award.

Appellants City of Brookfield and the insurer have appealed to this court. Their Points 1, 2, 3, 5 and 7 are statements of legal conclusions which largely declare the scope of review in such a case. We are in general accord with such expressed legal conclusions: (1) That the reviewing court is to decide if the commission could have reasonably made its findings under the evidence; (2) Conclusions of law arrived at are reviewable; (3) Interpretations of a statute are not conclusive on appeal; (5) Where the facts are undisputed and the ultimate question is one of law, the commission's findings are not conclusive, and (7) The appellate court may in a proper case modify, reverse, remand or set aside a final commission award.

However, it is also true that "The language used in the act and all reasonable implications therefrom shall be liberally construed to effectuate its purpose, and all doubts resolved in favor of the employee." Dauster v. Star Mfg. Co. et al., Mo.App., 145 S.W.2d 499, 503; Dixon et al. v. Postlewait Glass Co. et al., 241 Mo.App. 174, 238 S.W.2d 93, 95, Section 287.800, V.A.M.S. "This rule is applicable to the question of the amount of compensation to be awarded, and in the computation of the wage base * * *." Dixon v. Postlewait Glass Co., supra.

In their assignment numbered 6, appellants say that when an employee suffers multiple injuries in a single accident, the percentage of disability should be by a single rating "of the whole body", and that since the commission, in addition to a permanent partial rating "of the body as a whole", allowed, in addition, 20 weeks for healing period and $1600 for disfigurement, such allowances were erroneous. Respondent asserts this issue was not presented to the commission or to the circuit court and cannot be raised for the first time on appeal. In this connection the final award recites: "We further note that at the oral argument held before the commission on February 15, 1962, employer and insurer stipulated that they were raising no question as to the extent of disfigurement, length of healing period, dental care or extent of permanent partial disability resulting from the loss of teeth". In addition, Section 287.190(4) provides: "If an employee be seriously mutilated or permanently disfigured about the normally exposed parts of the body, the commission may allow such additional sum for the compensation on account thereof, as it may deem just, based upon the handicap suffered by the injured employee in obtaining employment, but such sum shall not exceed two thousand dollars." On both grounds, that is, failure to present to the referee or the circuit court, and on the merits, we rule this point against appellants.

The main contention between the parties arises from the method used by the commission in determining claimant's average weekly wage. Section 287.250, V.A.M.S. provides in part:

"The basis for computing the compensation provided for in this chapter shall be as follows:

"(1) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages, or earnings if in the employment of the same employer continuously during the year next preceding the injury;

"(2) Employment by the same employer shall be taken to mean employ-

ment by the same employer in the grade in which the employee was employed at the time of the accident uninterrupted by absence from work due to illness or any other unavoidable cause;

"(3) If the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location (or if that be impracticable, of neighboring employments of the same kind) have earned during such period;

"(4) As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as three hundred times the average daily earnings in such computation;

"(5) As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of three hundred as a basis for computing the annual earnings; provided, the minimum number of days which shall be so used for the basis of the year's work shall be not less than two hundred."

The commission determined the employee's average weekly wage by applying sub-paragraph (4), that is, his total earnings for the year ($238) was divided by his total number of working days (51). The resultant figure of $4.67 was multiplied by 300 and that total ($1401) divided by 52 weeks, giving an average weekly wage of $26.94. Appellants contend that sub-paragraph (1) provides the proper method for such computation. If it were

applied, the total earnings of $238 would be divided by 52 weeks, giving an average weekly wage of $4.58. In this event, the compensation payable would be the minimum of $16 per week as required under Section 287.190 instead of $17.96 (two-thirds of the average weekly wage) as awarded by the commission.

The commission cited Bicanic et al. v. Kroger Grocery & Baking Co. et al., Mo. App., 117 S.W.2d 650 and Coble v. Scullin Steel Co. et al., Mo.App., 54 S.W.2d 777, as authority for the use of Paragraph (4) in determining the average weekly wage. Both of these cases arose during the depression years of the '30s. In each instance it was the custom and practice of the employer to operate on all working days of the year. The injured employee in each case was a regular long-time worker. However, because of a fall-off in business, probably brought about by the depression, the employers, in an effort to keep from laying off any employee completely, resorted to a system of staggered employment. As a result, neither employee had worked full time during the year preceding his injury. This was true even though the companies operated full time, but not with their usual full quota of employees. In the Coble case (p. 778) the court said:

"'(a) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages, or earnings if in the employment of the same employer continuously during the year next preceding the injury. * * *'

*   *   *   *   *   *

"We think there can be no question that when an employee is constantly engaged in the work which he is employed to do during the working days of the year preceding the accident or during such period of the year as the business of the employer customarily operates, subject, of course, to the provisions of paragraph (e), the provisions of paragraph (a) would prevail,

because in that event his annual earnings would be determinable by the amount which he actually earned.

"The word 'employment' used in paragraph (a), read in conjunction with the provisions of paragraph (b), means more, we think, than the mere fact that one is recognized as under an engagement to work for a particular person. Employment as defined in Webster's New International dictionary, 1927, is: '2. That which engages or occupies; that which consumes time or attention.'

"There can be no serious question, therefore, that the Legislature intended, by the use of the word 'employment,' to express not only that there existed between the parties the contract of employer and employee, but also the time that the employee, for the period mentioned, was occupied in the business of his employer. Therefore, if an employee should be injured during any period that he was occupied with the work of his employer, it was the intention of the Legislature that he should receive such amount as the statute specified for the particular injury based upon the compensation received by him for continuous occupation under paragraphs (a) and (b), or, if the circumstances should not permit of the application of paragraphs (a) and (b), then under the provisions of the subsequent paragraph, according to the circumstances of the particular case."

The doctrine and views expressed in the Coble case were reiterated and approved by the court in the Bicanic opinion. It seems clear from these opinions and based upon a reasonable interpretation of the statute that computation under paragraph (1) is not applicable in our case. While employee was in the employ of employer continuously during the year, to the extent that he was subject to call if a fire occurred, he did not, because of lack of business, work constantly during the year. We must, therefore, look further into the statute to find the proper method of computation.

In the referee's award, by Judge Ferd J. Frankenhoff, one of the listed disputes was described this way: "Dispute as to use of Section 287.250, sub-paragraph (1) or sub-paragraph (4) or sub-paragraph (5) for wage computation and rate of compensation". Thereafter the commission and counsel in their briefs and arguments seem to have abandoned sub-paragraph (5) as being possibly the correct measuring rod.

Sub-paragraph (4) sets forth the basis for computation "As to employees in employments in which it is the custom to operate throughout the working days of the year * * *." In Coble and in Bicanic the employees were engaged in such employments although because of the stagger system they did not work all working days of the year. Hence paragraph (4) was applicable to their situation. But in our case the Brookfield Fire Department did not operate nor was it the custom to operate on all working days. It simply did not have enough business to justify or require full time operation. And although claimant was on call—day or night—it cannot reasonably be said, nor was there evidence showing, that he was engaged in an employment "in which it is the custom to operate throughout the working days of the year".

We believe that the holding and the opinion of the Supreme Court in the recent case of Noland v. George Tatum Mercantile Co. et al., Mo., 313 S.W.2d 633, is pertinent to our case. There the employer was a general merchandising company which sold groceries, dry goods, lumber, hardware and appliances. A television set was sold which the company was required to install. In order to erect the antenna it was necessary to trim some tree branches. Claimant was employed to do this. His employment was part-time at the rate of $1.50 per hour. There was evidence that an extra employee, such as claimant, always was hired on the basis of an 8 hour day. Soon after starting

to remove the tree limbs, claimant fell and was injured. The commission found the daily wage to be $12 and applied paragraph (4), that is, multiplying by 300 and then dividing by 52 to determine the average weekly wage. The Supreme Court modified this award by holding and directing that paragraph (5) be applied and said:

> "We are of the opinion that employer and insurer are correct in their contention that there was no evidence from which the commission reasonably could have found that the annual earnings should be regarded as three hundred multiplied by the average daily earnings. On the contrary, the evidence was such that it supported as the only reasonable finding that annual earnings should be regarded as two hundred times the average daily earnings.

> \*   \*   \*   \*   \*   \*

> "The fact, however, that employer operated its business throughout the working days of the year did not, standing alone, justify the commission in regarding the annual earnings as three hundred times the average daily earnings as provided in paragraph (4) of Section 287.250. That is because the particular *employment* in which Noland was engaged obviously was to operate for only a small part of the whole number of working days in each year. Biswell v. St. Louis-San Francisco R. Co., Mo.App., 49 S.W.2d 203(4), 204. There was no evidence supporting any other finding".

We do not believe that there is any evidence reasonably authorizing a finding that the volunteer fireman Baer was engaged in an "employment in which it is the custom to operate throughout the working days of the year" as specified in paragraph (4). In the Coble and Bicanic cases the employment of claimant was, both actually and by custom, carried on full time, but the employees had only part-time work. It is obvious that the particular employment in which Baer was engaged (volunteer fireman for Brookfield) was to operate for only a small part of the working days of each year. This being so, such employment is encompassed by the phraseology of paragraph (5), viz. "as to employees in employments in which it is the custom to operate for a part of the whole number of working days \* \* \*."

We are of the opinion that there was no evidence from which the commission could have reasonably found that the annual earnings should be regarded as 300, multiplied by the average daily earnings. On the contrary, the evidence was such that it supported as the only reasonable finding that annual earnings should be regarded as 200 times the average daily earnings.

The judgment of the circuit court should be modified by changing the amount of the award in accordance with this opinion, and as so modified, the judgment is affirmed. It is ordered therefore that this case be remanded to the circuit court with directions to remand to the Industrial Commission for the purpose of modifying the amount of the award in accordance with the views herein expressed and applying the provisions of paragraph (5), Section 287.250 and also considering the minimum weekly earnings allowable as provided by Section 287.190.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.