Beverly A. CRAMER, Jeffrey P.
Cramer, Susan Rae Cramer,
Appellants,

v.

The WASH HOUSE OF
SUSQUEHANNA, INC.,
Respondent.

No. WD 36172.

Missouri Court of Appeals,
Western District.

March 5, 1985.

Motion For Rehearing and/or Transfer to
Supreme Court Overruled and Denied
April 30, 1985.

Application to Transfer Denied
June 25, 1985.

John C. Russell, Raytown, for appellants.

Clyde G. Meise, Kansas City, for respondent.

Before KENNEDY, P.J., and DIXON and LOWENSTEIN, JJ.

KENNEDY, Presiding Judge.

Bill J. Cramer, deceased husband and father respectively of these workers' compensation claimants, was shot to death in his laundromat by the husband of one of his female employees. Cramer and the female employee, Sybil by name, had been for some months engaged in a meretricious romance. This affair was known to Sybil's husband, Donald. It had a devastating effect upon their marriage relationship, and upon Donald's mental and physical health. The fatal shooting followed by one day Sybil's separation from him. He pleaded guilty to manslaughter in Cramer's death and was sentenced to eight years' imprisonment.

The Labor and Industrial Relations Commission determined that the death was of the "personal quarrel" variety, unrelated to the employment, on the model of *Person v. Scullin Steel Co.*, 523 S.W.2d 801 (Mo. banc 1975), and denied compensation.

We affirm the decision.

The claimants argue on this appeal that the killing was of the *Allen v. Dorothy's Laundry and Dry Cleaning Co.*, 523 S.W.2d 874 (Mo.App.1975) variety, that is, that it was an "irrational, unexplained or accidental assault of so-called 'neutral' origin", *id.*, 523 S.W.2d at 876 (quoting *Liebman v. Colonial Baking Co.*, 391 S.W.2d 948 (Mo.App.1965)), and therefore compensable. They point to Donald's testimony that the killing had no connection with the adulterous affair. His explanation was that he had come to the laundromat on the morning of May 14, 1981 to attempt a reconciliation with Sybil. He was, according to his testimony, in a state of extreme physical and emotional distress, exacerbated by the ingestion of a tranquilizing drug

and of alcohol. He was carrying in his pocket a loaded pistol, with which he intended to end his own life. He talked with Sybil out in the parking lot of the laundromat. The conference failed of its purpose. He went inside the laundromat to see his stepson Scott, Sybil's son; he testified that he had quarreled with Scott. He hugged him, told him he was sorry and bade him good-bye. He did not know Cramer was there. He started to leave, "(a)nd it seemed like out of nowhere came this face ... It was a distorted face ... It was as if a convex-convection mirror, all in one, wavy...." He testified he did not recall if he recognized the face as Cramer's. He testified he had no memory of what followed till he was sitting in the laundromat with a policeman covering him with a shotgun. Other testimony established that he had shot four or five times at Cramer, wounding him in the chest and head. Cramer died on the spot.

Donald later underwent 13 months of psychotherapy.

Claimants, as earlier stated, argue that this brings their case within the category of "[i]rrational, unexplained or accidental assaults of so-called 'neutral' origin, which, although they occur 'in the course of' the victim's employment, cannot be attributed to it on any more rational basis than that the employment afforded a convenient occasion for the attack to take place." *Allen v. Dorothy's Laundry and Dry Cleaning Co., supra,* 523 S.W.2d at 876–77. Injuries so inflicted are held to be compensable under the 1969 amendment to Section 287.-120, which amendment added the following sentence: "The term 'accident' as used in this section shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person". *Allen, supra.* The amendment is held, however, not to extend to injuries originating in a "personal quarrel". *Person v. Scullin Steel Company, supra,* 523 S.W.2d at 806.

The question whether the employee's death grew out of a "private quarrel" (and therefore was not compensable) or was of "neutral origin" (and therefore compensable) was a fact issue in this case. Assuming claimants' version if accepted would have placed this case in the neutral origin-compensable category, the issue was one of fact. The Commission did not have to believe Sybil's husband's explanation. It was open to them to believe on this evidence that the killing was an act of revenge by the cuckolded husband.

Finding that competent and substantial evidence supported the decision of the Commission, our task of review is at an end. § 287.495, RSMo Supp.1980. *Matthews v. Roadway Express, Inc.,* 660 S.W.2d 768, 769 (Mo.App.1983).

Commission's award affirmed.

All concur.