**Violet M. McDONALD, Respondent,**

v.

**GRAHN MANUFACTURING COMPANY, INC., and United States Fire Insurance Company, Appellants.**

**No. WD 36574.**

Missouri Court of Appeals, Western District.

Oct. 29, 1985.

158

C. Thomas Carr, Kansas City, for appellants.

James M. Smart, Jr., Kansas City, for respondent.

Before CLARK, C.J., Presiding and DIXON and KENNEDY, JJ.

PER CURIAM:

This is a worker's compensation case in which the claimant, the widow of employee Harold E. McDonald, was awarded benefits for the personal injury and subsequent death of her husband. The employer, Grahn Manufacturing Company, Inc., and its insurer, United States Fire Insurance Company, appeal on the grounds that there was insufficient evidence to support the Commission's finding that McDonald was not the aggressor in the altercation which caused his death and that the Commission failed to make a specific finding of its jurisdiction to decide this claim.

McDonald died on June 1, 1982, as a result of injuries he sustained five days earlier in an altercation with his supervisor, Ronald Zuber. On the afternoon of May 27, 1982, the two men were working together. They had unloaded a pallet of supplies from a truck and were in the process of storing it when the altercation occurred.

According to Zuber, McDonald was operating the forklift which was used to move the pallet. He entered the building and approached a loft area where the supplies

were customarily stored. At that time, both men noticed some boxes in the loft where the supplies were supposed to be placed and Zuber moved them to allow room for the pallet. After clearing the area, Zuber stepped out of the way and motioned for McDonald to come forward. When McDonald failed to respond, Zuber again motioned for him to come forward and verbally instructed him to bring the pallet forward and to speed up. McDonald refused to comply and said, "You do not tell me what to do." Zuber then told McDonald that if he would not store the pallet that he would have someone do it for him and that he was going to the office to discuss the matter with Mr. Grahn, the owner.

As Zuber passed the forklift to go to the office, the confrontation escalated. He told McDonald that if he would get off the forklift, he would personally put the material on the loft. McDonald responded by repeating that Zuber did not tell him what to do. According to Zuber, McDonald then got off the forklift, grabbed him around the neck and shoulder area, and proceeded to push and pull him outside the building. As they reached the driveway area of the plant, Zuber saw McDonald's hand coming toward him. Zuber then ducked and as McDonald's blow landed, he struck McDonald with a blow of his own.

McDonald was rendered unconscious by the blow and he died without regaining consciousness. There were no other witnesses to the incident; therefore, the only direct evidence of what transpired was presented by Zuber. The Commission found his testimony to be lacking in credibility and disbelieved his assertion that he had acted in self-defense. Based on inferences derived from various items of circumstantial evidence, the Commission found Zuber to be the aggressor and thus found the claim to be compensable. By their primary point on appeal, the employer and its insurer contest the basis for the finding and conclusion.

█ At the outset, we note that, under current Missouri law, recovery of workers' compensation benefits is denied to employees or their dependents where the injury or death resulted from an assault in which the injured or deceased employee was the aggressor. *Stephens v. Spuck Iron & Foundry Co.*, 358 Mo. 372, 214 S.W.2d 534 (1948); *Sublett v. City of Columbia*, 652 S.W.2d 189 (Mo.App.1983); *Staten v. Long-Turner Construction Co.*, 185 S.W.2d 375 (Mo.App.1945). The employee's aggression operates as a complete bar to compensation regardless of the facts and circumstances which occasioned the assault.[1]

1. Missouri's application of the "aggressor defense" is in line with a substantial minority of the other jurisdictions. 1 Larson, *The Law of Workmen's Compensation*, § 11.15 at 213 (1984). The majority of states, however, deny compensation to an aggressor injured in assault situations which are employment related, as opposed to those which are clearly personal, only where he acts with premeditation and willful intent to injure his adversary. See generally Larson, supra.

In Missouri, the basis upon which an aggressor is denied recovery is the view that such employee, by initiating the hostilities, has taken himself out of the course of his employment. Therefore, that portion of the requirement that the injury arise out of and in the course of employment, § 287.120, RSMo Supp. 1984, cannot be satisfied. *Staten*, supra at 381. When applied to situations, such as the one presented in the case at bar, in which the assault is closely connected to the work itself and it develops spontaneously, this rationale has been criticized as involving a fiction which is inappropriate when used to deny the relief authorized by a remedial statute. Larson, supra at 216–217; Horovitz, *Workmen's Compensation: Half Century of Judicial Developments*, 41 Neb.L.Rev. 1, 24–25.

It would appear that the policy of denying benefits to aggressors was created in Missouri, as in other jurisdictions, by judicial fiat. While the stated grounds upon which the prohibition was based varied somewhat among the states, see Larson, supra at 215–216, the defense is generally regarded as having developed from the courts' reluctance to abandon the typical common law theories and defenses—particularly, the aversion to allowing a "wrongdoer" to profit by his own bad act. Larson, supra at 216; Horovitz, supra at 23–24; Horovitz, *Assaults and Horseplay under Workmen's Compensation Laws*, 41 Ill.L.Rev. 311, 312, 325. As stated above, the majority of the jurisdictions have now moved away from the strict application of the aggressor defense which characterized early worker compensation law.

■ As stated, the Commission found that Zuber, not McDonald, was the aggressor. The issue under consideration here is whether that determination was supported by substantial and competent evidence on the whole record. If that requirement is satisfied, the judgment must be affirmed in accordance with § 287.495, RSMo Supp. 1984. In making our review, all of the evidence and legitimate inferences therefrom will be viewed in the light most favorable to the award and any evidence contrary to the award will be disregarded. *Matthews v. Roadway Express, Inc.*, 660 S.W.2d 768, 769 (Mo.App.1983). It is not fatal to an award if the Commission does not state therein all the evidentiary facts upon which its ultimate finding may depend. *Matthews*, supra at 771. The court is further guided by the principle of deference to the Commission's determinations regarding the credibility of witnesses and the weight to be given to conflicting evidence. *Ford v. Bi-State Development Agency*, 677 S.W.2d 899, 901 (Mo.App. 1984).

■ The employer emphasizes that the only direct evidence of the circumstances of the altercation between Zuber and McDonald was the testimony of Zuber, and that Zuber's testimony made McDonald the aggressor. They contend that since this was the only evidence as to who was the aggressor, the Commission was bound to accept it in the absence of impeachment. This, however, is not so. The Commission was not bound to accept Zuber's self-serving explanation of the origin of the struggle; it could, as it did, reject that testimony on the basis of its lack of credibility. *Cramer v. Wash House of Susquehanna, Inc.* 690 S.W.2d 804, 805 (Mo.App.1985). (Compare homicide cases where victim dies as result of injuries suffered in an assault, but defendant, the only eyewitness, testifies to self-defense. *State v. Brookshire*, 353 S.W.2d 681, 687 (Mo.1962), *cert. denied* 371 U.S. 67, 83 S.Ct. 155, 9 L.Ed.2d 119 (1962); *State v. Hill*, 328 S.W.2d 656, 659 (Mo.1959)).

We do not need to decide in this case whether the burden is upon the employee to prove he was not the aggressor, or whether the burden is upon the employer to prove as an affirmative defense that he was the aggressor. If the latter rule obtains, then the death or injury of an employee by an assault arising out of and in the course of his employment, without any evidence at all whether the employee was the aggressor, would make a prima facie case for benefits for the employee or his dependents. (Compare cases involving unexplained death of employee on employer's premises, such as *Kinney v. City of St. Louis*, 654 S.W.2d 342 (Mo.App.1983); *Griffin v. Anderson Motor Service Co.*, 227 Mo.App. 855, 59 S.W.2d 805 (1933), and compare *Brookshire*, 353 S.W.2d 681, and *Hill*, 328 S.W.2d 656.)

■ For the purpose of the present case, we will assume that it was incumbent upon employee's dependents to prove and for the Commission to find that the employee was not the aggressor. There was, we find, sufficient evidence to sustain that finding.

Immediately following the blow to McDonald, Zuber summoned help. When asked, by the first two people to arrive at the scene, what had happened, Zuber merely stated, "I hit him." The Commission found the fact that Zuber failed to elaborate on the details of the fight to be significant. We agree and conclude that such failure supports the fair inference that Zuber developed the claim that his actions were in self-defense later when he had had time to consider the possible consequences.

Additional evidence which points to Zuber as the aggressor is the fact that only McDonald was visibly injured by the encounter. He not only sustained the fatal head wound, but he also had bruises on both arms. Zuber's testimony indicates that those contusions were caused by him. Although Zuber indicated at the hearing that he sustained some scratches on his neck, the Commission found, as was its right, that such uncorroborated evidence was not credible.

Finally, added support to the finding that McDonald was not the aggressor was provided by the Commission's determination, based on reputation evidence, that he had no proclivities whatsoever toward violence. In light of the above findings, we conclude that there was substantial competent evidence to support the finding that McDonald was not the aggressor.

 Appellants raise a second point, alleging that the Commission erred in failing to include in its award a direct ruling that it had exclusive jurisdiction over this claim. This point is without merit. There is no requirement for such a direct statement as far as this court has been able to determine nor have appellants cited any relevant authority on this issue. The award included all the facts necessary to establish the Commission's jurisdiction. Furthermore, the very fact that an award of compensation was made establishes that the Commission determined that it had exclusive jurisdiction over the matter as far as it concerned the appellants. *Hollrah v. Freidrich*, 634 S.W.2d 221, 223 (Mo.App. 1982).

Finally, the court has considered the claimant's suggestion that appellants be assessed damages for frivolous appeal and such is denied.

The judgment is affirmed.