THE VILLAGE OF CLARENDON HILLS, Appellant, v. THE INDUS-
TRIAL COMMISSION *et al.* (Gerald Rossi, Appellee).

Second District (Industrial Commission Division)   No. 2—85—0878WC

Opinion filed November 6, 1986.—Rehearing denied December 30, 1986.

Ian M. Sherman, of Rooks, Pitts & Poust, of Chicago, for appellant.

Coghlan, Joyce, Kukankos, Keleher & Urbut and William P. Landon, both of Chicago, for appellee.

JUSTICE BARRY delivered the opinion of the court:

The petitioner, Gerald Rossi, filed a claim under the Worker's Compensation Act (the Act) (Ill. Rev. Stat. 1979, ch. 48, par. 138.1 *et seq.*) for injuries related to the hip fracture he sustained when he fell from a fire truck (the accident) during a fire call for the respondent employer, the village of Clarendon Hills (the village). The respondent appeals from the order of the circuit court of Du Page County affirming the decision of the Industrial Commission (the Commission) which determined the petitioner's average weekly wage under section 10(f) of the Act (Ill. Rev. Stat. 1979, ch. 48, par. 138.10(f)). We reverse and remand.

The facts are not in dispute. The petitioner is a volunteer fireman for the village's all-volunteer fire department (the department). On May 28, 1979, he was 31 years old and was earning approximately $600 per week as a traveling, full-time semitrailer-truck salesman. Additionally, he had been a volunteer fireman for the village for over three years. The petitioner was on-call to the department 365 days a year. He answered calls sporadically, when he was in their vicinity. He was paid a flat fee of $4 for each call he attended. In the year next preceding the accident, the petitioner earned $409.40 for working for the department a total of 115 hours on 62 days.

In the May 28, 1979, accident, the petitioner fell from a fire truck as it rounded a corner. As a result, he fractured his hip and required surgical reduction. He returned to his truck-sales work on July 18, 1979, and to his duties as a volunteer fireman in the spring of 1980.

The arbitrator found that the village had provided the petitioner all necessary first aid, medical, surgical and hospital services. Relying upon section 10(f) of the Act and upon evidence of earnings for full-time firefighters with three years of experience in Hinsdale and Oak Brook, nearby communities sized comparably to the village, the arbitrator further found that the petitioner's average weekly wage was $298.71. That amount represented the average of the stipulated average weekly wage of firefighters in Hinsdale and the stipulated average weekly wage of firefighters in Oak Brook. The arbitrator awarded the petitioner compensation for 7²/₇ weeks temporary total incapacity and compensation for permanent partial loss of 50% use of the left leg.

On review, the village presented as additional evidence information concerning the wages of firefighters in the all-volunteer fire department at nearby Bolingbrook. Wages in that department averaged $2,175 annually. The Commission adopted findings of the arbitrator that the petitioner's average weekly wage was both properly determined under section 10(f) and based upon evidence of firefighter wages in Oak Brook and Hinsdale. The Commission also decreased the petitioner's award to reflect permanent loss of 35% rather than 50% of the use of his left leg.

On the village's appeal, the circuit court confirmed the decision of the Commission. The village brought the instant appeal, raising the sole issue of how the petitioner's average weekly wage should be computed. We reverse and remand.

The relevant portion of section 10, which concerns the basis for computing compensation, provides as follows:

"(d) As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as 300 times the average daily earnings in such computation.

(e) As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, such number, if the annual earnings are not otherwise determinable, shall be used instead of 300 as a basis for computing the annual earnings, provided the minimum number of days which shall be so used for the basis of the year's work shall be not less than 200.

(f) In the case of injured employees who earn either no wage or less than the earnings of adult day laborers in the same line of employment in that locality, the yearly wage shall be reckoned according to the average annual earnings of adults of the same class in the same (or if that is impracticable, then of neighboring) employments." Ill. Rev. Stat. 1979, ch. 48, pars. 138.10(d), (e), (f).

The village argues that the petitioner's average weekly wage must be determined under section 10(e) of the Act, as that section was intended to cover employment, such as the petitioner's, where the working days are intermittent. It relies largely on the persuasive authority of *Baer v. City of Brookfield* (Mo. App. 1963), 366 S.W.2d 469, where the court found that the wage basis for the volunteer-fireman claimant should be determined with reference to a statutory provision equivalent to section 10(e) and not with reference to a section

equivalent to 10(d) of the Act.

■ The petitioner argues that section 10(e) is inapplicable, as his work for the village was not temporary or intermittent. He relies primarily upon *Friddle v. Industrial Com.* (1982), 92 Ill. 2d 39, 440 N.E.2d 865. According to the petitioner, his employment lasted throughout the year as in *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 287 N.E.2d 701. Further, the petitioner notes that his 24-hour, on-call employment relationship with the village was continuous and that his response to calls was regular, even though fire calls were unscheduled events at unpredictable intervals.

We reject the respondent's reliance on *Baer* and agree with the petitioner that his wage base should not be determined with reference to section 10(e). In rejecting the *Baer* analysis, we note that the *Baer* court considered the wage basis for the volunteer-fireman petitioner under relevant facts virtually identical to those before us. However, the *Baer* analysis is of limited value as it discussed workers' compensation statutory sections identical to Illinois' 10(d) and 10(e), but did not acknowledge existence of a section comparable to Illinois' 10(f). Even more importantly, the persuasive value of *Baer* is further limited by the fact that the Missouri court's analysis there was not affected by decisions like those in Illinois which interpret the language of subsection (e) as applying to the part-time employee "where the working days are intermittent" and the employment is temporary. *K.& R. Delivery, Inc. v. Industrial Com.* (1957), 11 Ill. 2d 441, 143 N.E.2d 56; *Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 287 N.E.2d 701.

In *K.& R.*, the court relied on section 10(e) to determine the wage basis for a part-time delivery assistant working at his discretion without any regular contract; and in *Vaught* the court rejected application of section 10(e) to a petitioner injured in his regular weekend employment as a cab driver. Additionally, in the petitioner's primary authority, *Friddle*, the court found that petitioner Friddle's fire department employment was not temporary or intermittent so that section 10(e) did not apply. Although petitioner Friddle's daily activity for his fire department distinguishes that case from the one before us, we agree with the *Friddle* court's description of the term "intermittent employment" with examples of a free-lance practical nurse employed on an occasional, temporary basis; a general construction worker hired temporarily when jobs become available; and seasonal farm or forestry workers.

Considering the negative examples in *Friddle* and *K. & R.* and the positive example of *Vaught*, in light of the instant facts, we find

that subsection (e) does not apply to the petitioner's employment with the village. Although on many days of the year the petitioner engaged in no activity for the village, he was on 24-hour call, 365 days per year. Further, although the petitioner's fire and emergency calls arose unpredictably, it is uncontested both that his employment relationship with the village was continuous and that the petitioner responded with regularity both to calls and to scheduled drills for the fire department. The petitioner's fire department employment was in no way seasonal or affected by occasional, temporary employment contracts.

■■ As we determine that the petitioner's wage basis was not determinable under subsection (e), we next analyze whether the wage basis was determinable under the succeeding subsection (f). (*Vaught v. Industrial Com.* (1972), 52 Ill. 2d 158, 287 N.E.2d 701.) Doing so, we find, as the petitioner argues, that as a volunteer firefighter he fits section 10(f)'s category of "employees who earn *** less than the earnings of adult day laborers in the same line of employment in that locality." Ill. Rev. Stat. 1979, ch. 48, par. 138.10(f).

The record is clear that in the relevant period, the village paid volunteer firefighters $4 per fire call for each fire call to which they responded. It is similarly clear that in the year preceding the accident, the petitioner earned a total of $409.40 for his volunteer fireman duties. In comparison, the record shows salaries of $14,620 or $16,445 for full-time firefighters with three years of experience in the village's locality—clearly more than the petitioner's earnings. As the petitioner thus fits the category of employees whose wage basis is to be determined under section 10(f), under that subsection the petitioner's wage basis is to be established according to the average annual earnings of adults of the petitioner's same class in employments neighboring the petitioner's. Ill. Rev. Stat. 1979, ch. 48, par. 138.10(f).

■■ Although we agree with the petitioner that his wage basis should be determined under subsection (f), we disagree that the Commission properly determined the petitioner's wage basis with reference to the wage of full-time Oak Brook and Hinsdale firemen with the same length of service as the petitioner. Contrary to the petitioner's assertion, the court's decision in *Friddle* did not establish that the instant petitioner's award was to be based upon the wages of full-time firemen. Rather, the *Friddle* court merely directed that in determining a wage basis for that petitioner, the Commission should consider communities that employed one or more full-time firemen and that had a population comparable to the employer city.

While petitioner Friddle, who did daily work as a volunteer fire-

fighter, could be considered "of the same class" of full-time firemen, there is no sound analysis upon which the sporadically active volunteer-fireman petitioner here could be so considered. As only volunteer firefighters, activated sporadically for their employer fire departments, could be considered of the petitioner's class, the Commission erred in assessing the petitioner's wage with reference to full-time, professional firefighters.

We do not direct the Commission to follow any specific analysis to determine the petitioner's award. We note, however, that the Commission received competent evidence upon which to determine the petitioner's wage basis, when the village submitted wage schedules of volunteer firefighters in its neighboring village of Bolingbrook.

In deciding that the petitioner is not entitled under the Act to an award based upon full-time firefighter wages, we recognize that the award following this decision will be only slight compensation for a volunteer who lost not only volunteer wages, but also full-time wages following an industrial accident in his volunteer employment. We also recognize that prospective application of this result might well discourage municipal volunteerism. However, we also note that the legislature apparently also recognized the underlying problem and consequently amended the Act.

■■ The revised section 10 of the Act (Ill. Rev. Stat. 1985, ch. 48, par. 138.10) limits prospective application of this decision as it controls all accidents occurring after it became effective on September 15, 1980, less than 1½ years after the petitioner's accident. Under the revised section 10, which the petitioner does not argue should be retroactively applied to this case, benefits under the Act for one injured as a volunteer firefighter are to be based upon the firefighter's average weekly wage in his regular employment, an amount which in the instant case would be substantially larger than that provided under the prior language.

Based on our conclusion that the Commission improperly relied upon wages of full-time firefighters to determine the petitioner's award, we reverse the judgment of the circuit court of Du Page County and remand the cause to the Commission for a reevaluation of the petitioner's weekly wage basis under section 10(f) of the Act.

Reversed and remanded with instructions.

WEBBER, PJ., and McNAMARA, LINDBERG and KASSERMAN, JJ., concur.