John B. VAN BLACK, Appellant,

v.

TRIO MASONRY, INC., Respondent.

No. WD 55750.

Missouri Court of Appeals, Western District.

Feb. 23, 1999.

---

**4.** A new version of Rule 110.04 took effect January 1, 1999. It is similar to, though not identical with, the old version.

Steven C. Effertz, Independence, for Appellant.

Lee M. Baty, Kansas City, for Respondent.

Before: LOWENSTEIN, P.J., and SPINDEN and HOWARD, JJ.

HOWARD, Judge.

John B. Van Black appeals from the decision of the Labor and Industrial Relations Commission affirming the decision of the Administrative Law Judge (ALJ) which denied his claim for workers' compensation benefits because he was the aggressor in the work-

place altercation which resulted in his injuries. Van Black claims that there was insufficient evidence to support the Commission's determination that he was the aggressor in the altercation, and alternatively he contends that Missouri's recognition of the "aggressor defense" should be limited or abolished.

Affirmed.

Van Black was employed as a bricklayer for Trio Masonry, where he was part of a crew working on scaffolding that was approximately thirty feet off the ground. On August 18, 1995, Van Black got into a fight with Brian Scruggs, one of the other members of the crew. As a result of the fight, Van Black suffered a fracture of the bones around his left eye. Van Black's medical bills, which included surgery to repair the damage, totaled $4,463.61.

Van Black filed a claim for workers' compensation benefits, and, at the ensuing hearing, gave his account of the incident. He said that the trouble began when Scruggs made derogatory comments about Van Black and another member of the crew, complaining about the quality of their work. Van Black testified that, after being subjected to numerous taunts and obscenities, he walked over to where Scruggs was working, some thirty to forty feet away. According to Van Black, he had a brief face-to-face verbal confrontation with Scruggs, and then, after he turned and walked away, Scruggs pushed him from behind, jumped on his back, and began to punch him on the back and about the face and head.

Robert Kirch, the foreman on the job, testified at the hearing on behalf of Trio Masonry, and offered a different account of the fight itself. Kirch said that, when Van Black reached Scruggs, he grabbed Scruggs by the shoulder and spun him around while clenching his fist to strike him, but was instead struck first by Scruggs.

A third account of the fight was presented in the form of the deposition testimony of Russell Plain, another member of the crew. Plain said that Van Black and Scruggs walked toward each other, then Scruggs pushed Van Black. Next, according to Plain,

Van Black swung at Scruggs and missed, then Scruggs threw Van Black into the wall that was under construction. Plain said that, as Van Black stood back up, Scruggs punched him in the face.

However, Plain offered a different account of the incident in his statement to police after the altercation, and his statement was a part of a police report which was introduced into the record. In his statement, Plain stated that Van Black charged toward Scruggs and swung at Scruggs and missed, after which Scruggs struck Van Black several times.

Following the hearing, the ALJ determined that Van Black was not entitled to workers' compensation benefits because he was the aggressor in the fight. The ALJ's decision was upheld by the Labor and Industrial Relations Commission, but one member filed a dissenting opinion, concluding that the evidence showed Scruggs, not Van Black, to be the aggressor.

■ In his first point on appeal, Van Black claims that there was insufficient evidence to support the Commission's decision affirming the ALJ's determination that Van Black was the aggressor in the fight. Van Black points to testimony that he was provoked by Scruggs' verbal abuse, that he never actually hit Scruggs, and that Van Black was the only one hurt in the altercation.

■ The Commission's decision is reviewed using a two-step evidentiary evaluation process to determine whether the Commission could have reasonably reached its decision upon consideration of all the evidence before it. *Davis v. Research Medical Center*, 903 S.W.2d 557, 571 (Mo.App. W.D. 1995). The reviewing court examines the record together with all reasonable inferences to be drawn therefrom in the light most favorable to the Commission's decision, to determine if it is supported by competent and substantial evidence. *Id.* If so, the reviewing court must then determine whether the Commission's decision, even if supported by some competent and substantial evidence, was nevertheless clearly contrary to the overwhelming weight of the evidence contained in the whole record before the Commission. *Id.* In cases where the Commission

affirms the decision of the ALJ, the resulting consistency, especially as concerns credibility determinations, is a powerful factor in favor of upholding the Commission's award on appeal. *Id.*

In the case before us, both Kirch's hearing testimony and Plain's statement to the police indicate that it was Van Black who approached Scruggs and who swung at Scruggs before being physically assaulted by Scruggs. Similarly, Van Black testified that he walked over to where Scruggs was working to confront him after the taunts; however, both Van Black and Plain testified at the hearing that Scruggs pushed Van Black before Van Black swung at Scruggs and missed. Given these competing accounts in the record, we cannot say that the Commission's decision affirming the ALJ's conclusion that Van Black was the aggressor was unsupported by competent and substantial evidence, or was clearly contrary to the overwhelming weight of the evidence. *See Staten v. Long–Turner Const. Co.*, 185 S.W.2d 375, 379–381 (Mo.App. W.D.1945) (denying compensation based on aggressor defense where claimant threatened to hit a man if he tried to stop him, advanced toward the man in a threatening manner, shook his fist under the man's nose, and threatened to hit him in the jaw before the man picked up a wrench and struck the claimant).

■ Van Black's contentions that he was not the aggressor because he did not actually strike Scruggs and because he was the only person hurt in the altercation do not merit relief. The same circumstances existed in *Staten,* where the aggressor defense was upheld. Nor are we persuaded by Van Black's suggestion that Scruggs was the aggressor because the incident as a whole began with his verbal taunting. Offensive language does not equate with aggression in this context. *See Stephens v. Spuck Iron & Foundry Co.*, 358 Mo. 372, 214 S.W.2d 534, 539 (1948).

In his second point on appeal, Van Black contends that Missouri's recognition of the "aggressor defense" should be abolished by this court. Alternatively, he asks that the defense be limited to acts of premeditated intent.

As Van Black notes in his brief, a majority of jurisdictions now reject the aggressor defense. *McDonald v. Grahn Mfg. Co., Inc.,* 700 S.W.2d 157, 159 n. 1 (Mo.App. W.D.1985); 1 Arthur Larson & Lex K. Larson, Workers' Compensation Law, § 11.15(a), § 11.15(c). Jurisdictions which retain the defense include states that do so because the defense is authorized by statute. *Triad Painting Co. v. Blair,* 812 P.2d 638, 643–644 (Colo.1991). Such is the case in Missouri, where § 287.120(1) was amended in 1969 to include "unprovoked assaults" within the statutory definition of "accident." That subsection authorizes workers' compensation for injuries from accidents arising out of employment, and now states that the term "accident" shall "include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person."

It logically follows from this language that injuries from provoked assaults (as in this case, where the claimant was the aggressor), are not compensable. Whatever the merits of the policy reasons for abolishing or retaining the aggressor defense, the fact remains that the Legislature has expressed an intent to preclude recovery of benefits in cases where the claimant was the aggressor, and therefore any change in this position must come from the Legislature and not from us.

Van Black's second point on appeal also includes the contention that the aggressor defense should be limited to "acts of premeditated intent." However, nowhere in the ensuing argument does Van Black explain what he means by this contention, and the issue is thus abandoned. Point denied.

The judgment of the Labor and Industrial Relations Commission is affirmed.

All concur.