James **MAY**, Employee/Respondent,

v.

**U.B.C. MARKETING,** Employer,

and

**Aetna Casualty and Surety Company,**
**Insurers, Appellants.**

No. 50939.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 26, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Oct. 1, 1986.

Application to Transfer Denied
Nov. 18, 1986.

Daniel L. Steigerwald, St. Louis, for appellants.

Charles A. Mogab, Thomas J. Gregory, St. Louis, for employee/respondent.

SNYDER, Chief Judge.

Employer and insurer appeal from a judgment of the Labor and Industrial Relations Commission in a workers' compensation case in which the Commission applied § 287.250(5) RSMo. 1978 (amended in 1981, Cum.Supp. 1984) to determine respondent's rate of compensation. Appellant alleges the commission erred in using subsection 5 of § 287.250 rather than subsection 1 of the same statute. The judgment is affirmed.

Respondent was an employee of appellant, U.B.C. Marketing, a food brokerage company. Respondent worked as a store contact man whose job it was to see to it that appellant's merchandise was displayed properly in grocery stores. Respondent worked only two days a week because he was retired and wanted to earn only the maximum amount allowed under federal law without a penalty or reduction in his social security benefits.

In March of 1981, respondent sustained serious injuries in an automobile accident arising out of and in the course of his employment. Respondent has not worked since.

On June 22, 1984, the administrative law judge found that respondent was permanently and totally disabled as a result of the automobile accident. The judge ruled, relying on § 287.250(4) RSMo. 1978, that respondent was entitled to $150 per week as compensation, the maximum rate effective at that time.

The employer and insurer then appealed to the Labor and Industrial Relations Commission, challenging the administrative law judge's ruling on the compensation rate. The Commission affirmed the amount of the administrative law judge's compensation award but ruled that subsection (5) of § 287.250 RSMo. 1978 rather than subsection (4) should apply, both sections authorizing the maximum compensation in this case. The sole issue on appeal is whether the Commission erred in determining the compensation rate for respondent under subsection 5 of the statute. There was no error.

■ There is no dispute about the facts. The sole issue on appeal is whether subsection 1 or subsection 5 of § 287.250 RSMo. 1978 is to be used in calculating the weekly rate of workers' compensation. Where the facts are not in dispute, the question presented is a matter of law, and the Commission's decision is not binding on the reviewing court. *Kansas City, Missouri Police Dept. v. Bradshaw*, 606 S.W.2d 227, 231[1] (Mo.App.1980); *Hunt v. Allis-Chalmers Manufacturing Company*, 445 S.W.2d 400, 407[2, 3] (Mo.App.1969).

The statute which governs the calculation of the proper compensation rate is § 287.250 RSMo. 1978:

Section 287.250 Compensation computed—minors entitled to fifty percent additional, when ...

(1) The compensation shall be computed on the basis of the annual earnings which the injured person received as salary, wages, or earnings if in the employment of the same employer continuously during the year next preceding the injury;

(2) Employment by the same employer shall be taken to mean employment by the same employer in the grade in which the employee was employed at the time of the accident uninterrupted by absence from work due to illness or any other unavoidable cause;

(3) If the injured person has not been engaged in the employment of the same employer for the full year immediately preceding the accident, the compensation shall be computed according to the annual earnings which persons of the same class in the same employment and same location (or if that be impracticable, of neighboring employments of the same kind) have earned during the period;

(4) As to employees in employments in which it is the custom to operate throughout the working days of the year, the annual earnings, if not otherwise determinable, shall be regarded as three hundred times the average daily earnings in the computation;

(5) As to employees in employments in which it is the custom to operate for a part of the whole number of working days in each year, that number, if the annual earnings are not otherwise determinable, shall be used instead of three hundred as a basis for computing the annual earnings; provided, the minimum number of days which shall be so used for the basis of the year's work shall be not less than two hundred;

\*   \*   \*   \*   \*   \*

■ In applying this statute, the administrative law judge or the Commission must start with the first subsection and then progress in numerical order to each of the succeeding subsections until the wage rate provision that applies to the particular case is found. *Stegeman v. St. Francis Xavier Parish*, 611 S.W.2d 204, 210 (Mo. banc 1981).

Appellant argues that subsection 1 applies and should be used to determine respondent's compensation rate. Using subsection 1 results in a weekly compensation rate of $87.27 as contrasted with the maximum weekly rate of $150 which results if subsection 5 is used in the calculation.

The Commission noted that using subsection 1 in this case would seem logical because respondent's annual earnings in the year next preceding the injury are known. The Commission held, however, that prior construction of the statute precluded the use of subsection 1 because respondent was not employed "continuously" during the year as he worked only part-time, two days per week. The Commission relied on several cases to reach this conclusion: *Glazebrook v. Hazelwood School Dist.*, 498 S.W.2d 823 (Mo.App.1973); *Baer v. City of Brookfield*, 366 S.W.2d 469 (Mo.App.1963); *Bicanic v. Kroger Grocery and Baking Co.*, 117 S.W.2d 650 (Mo.App.1938); *Bietsch v. Midwest Piping and Supply Co.*, 86 S.W.2d 187 (Mo.App.1935); and *Coble v. Scullin Steel Co.*, 54 S.W.2d 777 (Mo.App.1932).

In each of these cases, the court ruled that § 287.250(1) RSMo. 1978, or the comparable statute then in effect, did not apply because the employee had not worked continuously during the year next preceding the injury.

In *Bicanic*, the employee did not work every day, but his absences from work were not caused by illness but because of the staggered job sharing arrangement his employer used during the great depression. *Bicanic*, 117 S.W.2d at 651. The employee worked part time throughout the year, although it was the custom of the employer to operate his business six days each week. In the year next preceding the injury, the employee earned $3,618. The court held subdivision (a) of § 3320, forerunner of § 287.250(1), RSMo. 1978 was inapplicable because the employee was not in the employment of the employer continuously during the year next preceding the injury. *Id.* The court affirmed the Commission's award finding that the employee was entitled to annual compensation of $5,574 under subdivision (d), even though that amount exceeded his annual earnings. *Id.* at 652.

Subsection 2 of § 287.250 RSMo. 1978 defines employment by the same employer and implies that the term "continuously" as used in subsection 1 refers to employment "uninterrupted by absence from work due to illness or any other unavoidable cause".

Subsection 3 applies to employees who are injured prior to one full year of service. This subsection does not apply to this case because respondent had worked for appellant for over a year prior to the accident.

The administrative law judge applied subsection 4 which is known as the "300 day rule" which resulted in an award of $150 per week, the maximum rate. Subsection 4 applies "in employments in which it is the custom to operate throughout the working days of the year". The Commission ruled that subsection 4 did not apply in this case because respondent's employment did not operate throughout the working days of the year inasmuch as he worked only two days per week, even though the appellant-employer operated on a daily basis throughout the work week.

The Commission applied § 287.250(5) RSMo. 1978, the "200 day rule" which applies to employees in employment in which it is the custom to operate for a part of the whole number of working days in each year. The application of § 287.250(5) also results in the maximum compensation rate, $150 per week.

Respondent worked 104 days per year. The fact that respondent chose to work part time does not affect the applicability of § 287.250(5) RSMo. 1978, as appellant would have this court hold. Appellant operated its business throughout the year, but employed respondent on only a part time basis. Respondent did not work "continuously" as this term has been construed in prior cases. Therefore § 287.250(5) RSMo. 1978 is the proper subsection to apply. *Vaseleou v. St. Louis Realty and Securities Co.*, 344 Mo. 1121, 130 S.W.2d 538 (1939). There was no error of law.

The statute is ambiguous and very confusing to employers and employees, to lawyers, and to judges. It seems to have been adopted for employment practices as they existed in a previous day. The term "continuous" employment as used in § 287.250(1) should be better defined. Subsections 4 and 5 of that statute refer to "custom to operate" which would seem by the

plain language to apply to the employer's business rather than to the days worked by the employee by his choice, although the cases hold otherwise. *Eagle v. City of St. James,* 669 S.W.2d 36 (Mo.App.1984); *Glazebrook v. Hazelwood School District,* 498 S.W.2d 823 (Mo.App.1973).

The statute, as it has been interpreted, allows the employee in the case under review to receive $150.00 per week or $7800.00 annually as compensation even though his actual earnings prior to the accident amounted to only $107.00 per week or $5583.33 annually. It seems unlikely that such a result was the actual intent of the legislature.

The legislature should review the statute to determine whether it should be amended to clarify it for the public and the bar. This court, however, must take the law as it finds it, ambiguities and all, as set forth in the existing statutes and case precedents.

The judgment is affirmed.

CARL R. GAERTNER, P.J., concurs.