Leonard P. BETZ, Claimant,

v.

TELEGRAPH INVESTMENT, INC., Employer.

No. 61719.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 15, 1992.

Rehearing Denied Jan. 21, 1993.

Watkins & Wilson, P.C., Hiram W. Watkins, St. Louis, for claimant.

Kortenhog & Ely, Robert T. Hart, St. Louis, for employer.

KAROHL, Chief Judge.

Claimant appeals a Worker's Compensation award for claimant where the sole issue is whether the amount of the award was properly determined. The Labor and Industrial Relations Commission affirmed an award of the administrative law judge which ordered recovery based on § 287.250(1) RSMo 1986. Claimant argues the award must be based on § 287.250(6) RSMo 1986. The only question before this court, one of law, is whether claimant is entitled to be compensated as provided in subsection (6) for his work related injuries.

Claimant, Leonard Betz, is the sole stockholder of Telegraph Investment, Inc. During the period relevant to this dispute, his principal, career employment was as an accountant. His sub-chapter S corporation operates a restaurant which is the scene of two accidents giving rise to these claims. He injured himself on August 3 and on August 24, 1984. The fact that claimant is eligible for compensation is not in dispute. The only disagreement is on the method of calculating the award. We conclude that claimant is entitled to compensation based on § 287.250(6) RSMo 1986. We remand.

Under subsections (1)–(6) of the statute, compensation is based on salary, wages, and earnings actually received by an employee. A portion of the dispute revolves around what is considered "salary, wages and earnings." Claimant never received a paycheck or other distribution of corporate assets. He did however, eat two meals per day for the five days a week the restaurant is open. Claimant rejects the position that meals are salary, wages or earnings.

After the second injury a representative of State Farm Fire and Casualty Company advised claimant to fill out the necessary forms and report a salary of $60 per week, in recognition of the value of the meals received. The advice was motivated by concern for the ability of claimant to receive medical benefits. In the absence of receipt of a salary, claimant was ineligible for medical benefits.

■ "The term earnings has been defined as the gains of the person derived from his services or labor without the aid of capital." *Adams v. City of St. Louis*, 563 S.W.2d 771, 775 (Mo. banc 1978). Claimant, by his own admission, derives a direct, in kind benefit of meals each day. Although he claims it is purely for convenience, the meals are still in response to the service given to the restaurant. Subsection (7) of § 287.250 recognizes that annual earnings may be computed on the basis of benefits received other than cash. We read subsections (1) and (5) together with the provisions of subsection (7) and conclude that the value of the meals constitutes earnings in determining annual earnings within the meaning of § 287.250.

■ Claimant also asserts subsection (1) does not apply because he is only a part-time employee. However, he is the sole manager of the business and performs jobs on an as needed basis. He opens the restaurant every day it operates. Claimant's career employment as an accountant does not alter the substantial and continuous time spent operating the restaurant. Therefore, he was at all times a material, full time employee of the restaurant. *See May v. U.B.C. Marketing*, 719 S.W.2d 43 (Mo.App.1986).

■ It has been argued by employer-insurer that subsections (1)–(6) must be applied in descending order and, therefore, if the provisions of subsection (1) apply then

the Labor and Industrial and Relations Commission cannot apply subsection (6). We reject this view. It has been held that the provisions of subsections (1)–(5) are to be applied in descending order. *Martin v. Mid–America Farm Lines, Inc.,* 769 S.W.2d 105, 108 (Mo. banc 1989). However, *Martin* does not say or hold that subsection (6) is subordinate to subsections (1)–(5).

■ Subsection (1) is applicable to employees who have worked a continuous full year and it applies only to full time employees. *Martin v. Mid–America Farm Lines, Inc.,* 769 S.W.2d 105, 109 (Mo. banc 1989). *Martin* observed subsection (6) "has to do with uncompensated or minimally compensated employees." *Id.* It did not include subdivision (6) in the interpretation that the subsections are preemptive in descending order. Although claimant is a full time employee for one year under the provisions of subsection (1), he was also minimally compensated. The now undisputed evidence of earnings of adult day laborers, restaurant managers, in the area ranged from $18,000—$20,000. This evidence was received without objection. Obviously, the value of meals is substantially below such earnings. On these facts claimant was only minimally compensated and subsection (6) applies.

Because the Commission applied the wrong standard for measuring compensation, we remand for an award determined in accordance with the evidence and § 287.-250(6) RSMo 1986.

GARY M. GAERTNER, P.J., and SMITH, J., concurs.